### WILL MILLS v. THE STATE.

No. 8031.   Decided March 19, 1924.

**Murder—Jury and Jury Law—Misconduct of Jury.**

The law declares that no person shall converse with the jury while in retirement except in the presence and by permission of the court, and in no case shall any person be permitted to converse with the juror about the case on trial, and where it appeared on appeal that the officer in charge of the jury in substance stated to them that the judge would detain them for another week and carry them into another county, etc., in the event of their faliure to agree, etc., the judgment must be reversed and the cause remanded.   Following:   Hughes v. State, 81 Texas Crim. Rep., 526, and other cases.

Appeal from the District Court of Angelina. Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Fairchild & Redditt,* for appellant. Cited Mauney v. State, 210 S. W. Rep., 961; Mann v. State, 204 id., 434.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of ten years.

The jury were in retirement for three days. At an early stage of their deliberations, they voted for a conviction but disagreed as to the punishment. One of them was opposed to any punishment in excess of five years. His refusal to agree to a higher penalty brought about a quarrel between himself and one of the other jurors. Harsh and vulgar language was directed against him and a threat was made to whip him. One of the officers in charge of the jury, or one of the jurymen, related an incident which had taken place some years before in which one of the jurors refused to agree with the others and was whipped by them. The elevens stretched him out and whipped him with a bed slat until he consented to the verdict. In the instant case, one of the officers in charge of the jury told them on Saturday that if

they could not agree, the judge was going to hold them over for another week and take them to Rusk. The officer said: "If you fellows can come to a verdict you ought to, or you are going to be tied up here all week, and possibly this boy will have to be moved to jail at Rusk."

One of the jurors was sick and insisted that the juror who was holding out agree with the other eleven, and indicated a displeasure at his failure to do so. The officers were not called to deny these conversations. The Legislature, in obedience to the Constitution, has passed many statutes to the end that the trial by jury may remain inviolate. In one of them it is declared that no person shall converse with the jury while in retirement except in the presence and by permission of the court, *and in no case shall any person be permitted to converse with the juror about the case on trial.* Art. 748, C. C. P. The violation of this statute is made a ground for contempt of court. Art. 749, C. C. P.

In another statute it is provided than an officer shall attend the jurors while they are kept together and prevent intercourse with others, and remain sufficiently near to answer every call, but "shall not be with them while they are discussing the case, *nor shall such officer, at any time while the case is on trial before them, converse about the case with any of them, nor in the presence of any of them.*" Instances are found in which the mere fact that the officer was present during some of the deliberations of the jury where he took no part and the facts exclude injury, in which the verdict has been upheld. Martin v. State, 9 Texas Crim. App. 293. None have been brought to the attention of this court in which the verdict has been sustained where the officer in charge entered the deliberations of the jury, and talked to them about the case. The statement of the officer, in substance, that the judge would detain them for another week and carry them into another county in the event of a failure to agree was a violation of the statute, and under the facts revealed by the record, calculated to prejudice the rights of the appellant, and the same may be said about the remarks relating to punishing a juror on a former occasion. See Golden v. State, 88 Texas Crim. Rep., 525, 232 S. W. Rep., 813; Hughes v. State, 81 Texas Crim. Rep., 526; Weaver v. State, 85 Texas Crim. Rep., 111, 210 S. W. Rep., 698.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*