JOHN HEFFNARN v. THE STATE.

No. 8021. Decided March 26, 1924.

**1.—Unlawfully Carrying Pistol—Bill of Exceptions.**

Where the State objected to a bill of exceptions on the ground that it was filed too late, but it appears to the court that it was filed in time the same will be considered.

**2.—Same—Misconduct of Jury—Request to Summon Jurors as Witnesses.**

Where, accompanying the motion for a new trial on account of the misconduct of the jury for discussing generally the character of the defendant as being that of a law-breaking man, was the written request of defendant that the trial court grant him process for all the jurors who were named in the request so that their testimony might be heard on the motion, which the court refused to grant, the same is reversible error.

**3.—Same—Demurrer—Practice in Trial Court—Misconduct of Jury.**

When facts are set out as having transpired in the jury room which would be obviously hurtful, neither the trial court nor this court would be concluded by a pleading in the nature of a demurrer, that the motion did not state that such facts did or did not influence the verdict, etc., the facts

stated in the motion for a new trial if true would call for a favorable ruling thereon. Following   Kannmacher v. State, 51 Texas Crim. Rep., 118, and other cases.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

Appeal from the District Court of Menard. Tried below before the Honorable J. H. McLean.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Menard County of unlawfully carrying a pistol.

There is but one bill of exceptions in the record consideration of which is objected to by the State on the ground that it was filed in the court below too late. The trial term of said court was in session less than eight weeks and adjourned April 6th. Said bill was filed on the 19th of the same month. Article 745 C. C. P. allows thirty days after adjournment of the trial term when it is less than eight weeks in duration, in which to file bills of exception, and unless the bill before us be one comprehended by the opinion in Black v. State, 41 Texas Crim. Rep., 185, or those cases which follow it, and be under said authorities required to be filed during the trial term, we must hold it properly filed.

Appellant made a sworn motion for a new trial setting up that while in their retirement two jurors made statements specifically set out in said motion and of such character as to necessarily be hurtful to appellant's case,—and that the other jurors discussed generally the character of appellant as being that of a bad and law-breaking man. It was averred in the motion that this information came to appellant's attorney from conversations had with various ones of said jurymen. Accompanying the motion for new trial was the written request of appellant that the trial court grant to him process for all the jurors who were named in the request in order that by their presence and testimony upon the hearing of the motion the allegations thereof might be verified and a new trial obtained. The State controverted the motion and demurred to the sufficiency of its allegations as too general; as not setting up that any juror was affected by the statements set out; as not stating facts showing that the verdict of the jury was influenced by such statements, also denying generally the allegations of said motion. The learned trial judge sustained the demurrer and in his order overruling the motion expressly denied the prayer for process.

The presence of jurors as witnesses upon the hearing of a motion for new trial sought because of misconduct of the jury, may be of the utmost moment to one convicted of crime and we have no doubt of his right to compulsory process for them such as is guaranteed every accused person by our Bill of Rights. That he should apply to the court for an order for such process seems entirely proper, and evidently was so considered by the learned trial judge in this case, his decision denying the prayer for process not being based on any failure of the accused to apply direct to the clerk. We do not attach such -importance to the failure to allege in the motion that the conduct and statements of the jurors influenced the verdict, as to believe that for such failure the court below might refuse to hear the evidence or to grant the request for process. When facts are set out as having transpired in the jury room which would be obviously hurtful, neither the trial court nor this court would be concluded by a pleading in the nature of a demurrer that the motion did not state that such facts did or did not influence the verdict, any more than it would by a statement on the hearing by a juror that such obviously hurtful fact did not influence his decision. If the motion set out the facts which transpired in the jury room, and be sworn to and such facts be sufficient to throw doubt on the fairness of the trial, and the court be properly requested to hear the facts or to grant process to bring before it the testimony, the court should by all means aid in arriving at that which is and should be the aim of all courts and court procedure, viz: the truth. The error of the State in objecting to the consideration of this bill of exceptions is based on failure to observe that it is not aimed at the insufficiency of the testimony to support a ruling of the trial judge upon evidence heard, but the complaint here is directed at the action of the court in sustaining the demurrer of the State and in refusing to issue process to bring the jurors before him in order to ascertain from their testimony what the real facts were. The ruling in Black v. State, supra, and those cases which follow it, relates solely to statements of fact and bills of exception setting out the facts heard by the trial court in connection with the motion for new trial. We have no desire to extend the rule in the Black case beyond the subjects to which the rule has heretofore been confined. In our opinion the facts stated in the motion for new trial, if true, would call for a favorable ruling upon the motion. We think the demurrer improperly sustained and that the process should have been issued. It might be that upon a hearing, the allegations in the motion might not have been supported, but that is a different question. For authorities indicating the attitude of this court heretofore upon these questions see Kannmacher v. State, 51 Texas Crim. Rep., 118; Bond v. State, 71 Texas Crim. Rep., 408.

It follows that we have considered the bill of exceptions and are

of opinion that it shows error, and that for said error the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*