## JOHN LEE v. THE STATE.

No. 15501.   Delivered January 4, 1933.
Reported in 56 S. W. (2d) 453.

The opinion states the case.

*H. F. Lewis,* of Lampasas, and *G. A. Walters,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, fifteen months in the penitentiary.

This case must be reversed for a violation of the provisions of articles 671, 673, 676 and 677, C. C. P., all relating to communications made to a jury in the trial of a felony case. While deliberating on this case, the jury became disturbed about the charge, and requested the sheriff to procure the judge so they could submit the matter to him. Being unable to find the judge, the sheriff came into the jury room and so reported. He was informed that two of the jurors did not understand the charge, and that they held out that there had been no proof of any sale of whisky by appellant. The sheriff, according to juror Townsend, said: "Probably I can answer that question," and further: "He said John Lee was not charged with selling intoxicating liquor; he was only charged with possession of intoxicating liquor for the purpose of sale." In the language of juror Rosson: "Some of the boys (referring to members of the jury) I reckon spoke to Mr. Harvey, and he came back and said he might help some on that charge we had there. He said the charge said he was charged with the possession, not for selling. I heard him say that." As said by juror Fields: "He said he might help them a little,—that is if it referred to the charge. * * * He said he wasn't indicted for selling it." Again this juror said: "Mr. Harvey referred the jury to the charge in which the court had submitted the law of the case, and also stated what the indictment was charging the defendant with." Juror Croft swore: "The information he gave us was that Mr. Lee was not charged with selling whisky, but he was charged of having whisky in his possession." Other jurors gave substantially the same testimony. This conduct seems plainly violative of the articles of our statute above referred to. See, also, Osborne v. State, 93 Texas Crim. Rep., 54. Any instruction to the jury regarding the law of the case must be given in open court and in writing. The sheriff has no right to verbally instruct the jury how to reconcile conflicting views among them or as to the law of the case. We have not the slightest doubt of the perfect sincerity and honesty of purpose of the officer in this case in what he did and said, but the privacy of a jury room where a jury is deliberating upon a case involving liberty or life is sacred, as is also the requirement of the law that the jury can only seek a way out of their differences as to the charge of the court by the path pointed out by statute; i. e. by a proper instruction from the judge in open court upon their request to him for further instruction.

For the error above mentioned, the judgment will be reversed and the cause remanded. *Reversed and remanded.*