ELZIE CLARK V. STATE

No. 28,180. April 18, 1956.

*C. B. Bunkley, Jr.,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *William F. Alexander,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Art. 627, P.C., makes it unlawful for one to knowingly permit property or premises of which he is the owner or under his control to be used for the purpose of gaming.

This conviction is for a violation of that statute, with punishment assessed at two years in the penitentiary.

In view of the fact that the conviction is to be reversed for alleged jury misconduct, a statement of the facts is not deemed called for other than to say that a serious question exists as to appellant's guilt—that is, whether he was the owner or person in control of the place where the gaming was alleged to have occurred.

In his motion for a new trial, appellant alleged jury misconduct—perhaps more correctly stated: misconduct on the part of the bailiff, who was in charge of the jury during their deliberations, in that while the jury were deliberating upon the case he advised them, in answer to questioning by the foreman of the jury, as to the law and the effect of a suspended sentence. Attached to the motion was the affidavit of counsel for the appellant, stating, among other things, the following:

"That I, C. B. BUNKLEY, JR., the attorney that represented the defendant, Elzie Clark, in the trial of this case upon oath states; that he has been informed by the foreman of the jury that tried this case that after the court's charge had been read to the jury and the jury retired and began their deliberations, the jury desired certain information concerning the law of suspended sentence, that is, what would be required of the defendant if he were granted a suspended sentence, that said foreman of the jury knocked on the door leading to the court room in an effort to obtain this information from the judge. The judge that tried this case not being present, the baliff inquired

of the foreman of the jury as to what he wanted. The foreman of the jury informed the bailiff that the jury desired information concerning the suspended sentence law, what it meant and how it worked. The bailiff in charge of the jury proceeded to advise the foreman of the jury concerning the law of a suspended sentence, telling him what it meant and *what would be required of the defendant if he were granted a suspended sentence*. The bailiff further advised the foreman of the jury that if defendant was granted a suspended sentence *he would leave the court room free*. That at the time of this conversation between the foreman of the jury and the bailiff the jury had voted 10 to 2 in favor of granting the defendant a suspended sentence. After the foreman of the jury conveyed the information he had received from the bailiff to the other jurors the jury returned a verdict against the defendant assessing his punishment as 2 years in the state penitentiary and did not recommend that his sentence be suspended." (Emphasis supplied.)

The failure to attach the affidavit of the foreman of the jury or any member thereof was accounted for by the following statement in the affidavit:

"That on the 27th day of September, 1955, the date that the verdict was rendered in this case, Mr. James Bloomingdale, forman of the jury that tried this case called your affiant by telephone and told your affiant the above mentioned facts. That your affiant prepared an affidavit for Mr. James Bloomingdale to sign containing the above mentioned facts and the following day went to the central jury room of Dallas, Dallas County, Texas to talk with Mr. Bloomingdale in an effort to get him to sign an affidavit concerning the facts that he had given him the previous day. Mr. Bloomingdale, foreman of the jury advised your affiant that he would make no further statements and would do nothing further in regards to the matter and as far as he was concerned the case was closed. That your affiant had made a diligent effort to contact the 11 other jurors that tried the case but has been unable to get any of the jurors to sign an affidavit concerning the aforementioned facts even though none of the jurors that your affiant has been able to contact has specifically denied that the above facts occurred.

That the bailiff in charge of the jury *advised your affiant that he gave Mr. Bloomingdale the information* set out above but the foreman of the jury refused to sign an affidavit concerning the above mentioned facts. That in view of the fact that your affiant received the above information from both Mr. Bloom-

ingdale, foreman of the jury—and the bailiff in charge of the jury, the two parties that had the conversation, your affiant believes and has reasons to believe that the foregoing facts are true and correct." (Emphasis supplied.)

Appellant requested of the court that each member of the jury, as well as the bailiff, be summoned in order that they might be examined touching the facts set forth in the affidavit. This request the trial court refused. He did, however, permit appellant's counsel to testify to the same facts in more detail than set forth in the affidavit.

The state's sole reply to the allegations of the motion, as well as the facts stated, was a general denial. The state actively resisted the calling of the jurors and the bailiff as witnesses and the permitting of the facts to be developed touching the alleged misconduct.

Art. 673, C.C.P., provides that an officer be in charge of the jury at all times. Such officer shall not "at any time while the case is on trial before them, converse about the case with any of them, nor in the presence of any of them."

According to the facts stated in the affidavit and heard by the court, the action of the bailiff in discussing with the foreman of the jury the legal effect of the suspended sentence violated that statute. See: Lee v. State, 122 Tex. Cr. R. 379, 56 S.W. 2d 453; Mills v. State, 97 Tex. Cr. R. 111, 260 S.W. 578.

All communications of the jury with the court should be in open court. Arts. 676 and 677, C.C.P.

There is no question but that the action of the bailiff violated the statute mentioned. That appellant was injured thereby appears definitely established, because the jury, at the time, stood ten to two for granting a suspended sentence.

In matters of alleged jury misconduct, especially that which is alleged to have occurred within the jury room, this court has required something more than a mere allegation thereof in order to circumvent "fishing expeditions."

From time to time we have pointed out the advisability of an affidavit of a member of the jury attesting the facts relied upon to show misconduct. We have held, however, that such an affidavit is not absolutely necessary but that the failure to se-

cure it might satisfactorily be explained or accounted for, in which event it would be the duty of the trial court to hear evidence in support of the allegations. Prince v. State, 158 Tex. Cr. R. 320, 254 S.W. 2d 1006; Moore v. State, 160 Tex. Cr. R. 643, 275 S.W. 2d 673; Vyvial v. State, 111 Tex. Cr. R. 111, 10 S.W. 2d 83; Kannmacher v. State, 51 Tex. Cr. R. 118, 101 S.W. 239; Heffnarn v. State, 97 Tex. Cr. R. 127, 260 S.W. 198.

We are constrained to here conclude that the appellant has brought himself within the rule authorizing introduction of the testimony of the jurors upon the hearing of the motion for new trial.

It is apparent, therefore, that the trial court erred in refusing appellant the right to have the benefit of the tesimony of the jurors, as well as that of the bailiff, in support of his contention of jury misconduct.

The judgment is reversed and the cause is remanded.