Jose Perez BALDONADO, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–87–029–CR, 13–87–030–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 4, 1988.

Rehearing Denied March 17, 1988.

Ernesto Gamez, Brownsville, for appellant.

Ben Euresti, Jr., Co. Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and BENAVIDES and UTTER, JJ.

## OPINION

BENAVIDES, Justice.

Appellant, a schoolteacher, was charged in two separate indictments with the offense of indecency with a child. The cases were consolidated and after a jury finding of guilt in each case, the court assessed punishment in each case at five years confinement probated for ten years.

In six points of error, the appellant contends he is entitled to a new trial due to jury misconduct, the admission of extraneous offenses, and the admission of testimony from a State's witness who was not disclosed prior to trial. We affirm the convictions.

Appellant's first four points of error refer to jury misconduct. Appellant asserts that during jury deliberations the foreman conversed with a bailiff, several jurors discussed "outside evidence," and several ju-

rors improperly shifted the burden of proof to the appellant.

On December 5, 1986, appellant filed a motion for new trial. In support of his motion, appellant attached two affidavits, one from juror Guadalupe Dial Soto and the other from the defense attorney's investigator. A hearing was held on the motion and several jurors testified about the alleged acts of misconduct. The court, denying appellant's motion, found that the character of the evidence considered did not have a detrimental effect, and that the "other matters" argued by appellant was an attempt to impeach the jury verdict.

In his first two points of error, appellant complains that the trial court erred in denying him a new trial when it was established that there was an unauthorized communication between the bailiff and the jury foreman. In its brief, the State initially argues that there was no affidavit of a juror attached to the motion which supported the alleged communication between the bailiff and the jury foreman, therefore, there can be no assignment of error.

■ It is well established that a motion for new trial complaining of jury misconduct must be supported by the affidavit of a juror, or some other person who was in a position to know the facts, or must state some reason or excuse for failing to produce the affidavits. *Dugard v. State,* 688 S.W.2d 524, 528 (Tex.Crim.App.1985); *Bearden v. State,* 648 S.W.2d 688, 690 (Tex.Crim.App.1983); *Barajas v. State,* 732 S.W.2d 727, 730 (Tex.App.—Corpus Christi 1987, pet. filed).

An affidavit of a member of the jury, however, is not absolutely necessary if failure to produce it is satisfactorily explained. *Stephenson v. State,* 494 S.W.2d 900, 909 (Tex.Crim.App.1973); *Clark v. State,* 289 S.W.2d 288, 290 (Tex.Crim.App.1956).

In the instant case, the only affidavit attached to the motion which supported the conversation in question was that of appellant's investigator, Christopher Hess. In his motion for new trial, counsel for appellant specified that various jurors had related the conversation to his investigator, but explained they were unwilling to give affidavits. The appellant signed the motion swearing to its veracity. In his affidavit, the investigator explained that two jurors had told him about the conversation, but refused to give affidavits.

■ We find that a sworn explanation that jurors refused to sign an affidavit was sufficient to put the motion before the court. *Stephenson,* 494 S.W.2d at 909; *Clark,* 289 S.W.2d at 291. We next consider whether the trial court committed error when it denied the appellant a new trial.

At the hearing on the motion, the foreman testified that, during jury deliberations, he asked the bailiff if the verdict had to be unanimous before returning to court. According to the foreman, the bailiff responded in the affirmative and further told him that in "some cases there are ten jurors instead of twelve." The foreman testified he then told the jurors the verdict had to be unanimous, therefore, they continued to deliberate. Approximately five minutes later, two or three people that were previously undecided gave their guilty verdict. According to the foreman, one person remained undecided and after a lunch break they continued to deliberate. Although two additional jurors testified at the hearing, there was no evidence that the communication by the bailiff influenced or caused a juror to change his or her vote.[1]

■ The Texas Rules of Appellate Procedure, promulgated jointly by the Texas Supreme Court and the Court of Criminal Appeals, provide that a new trial *shall* be granted where, after retiring to deliberate, a juror has conversed with any other person in regard to the case. Tex.R.App.P. 30(b)(7).[2] The State contends that notwithstanding this rule, the appellant's complaint related to the bailiff's conversation should not be considered because the testi-

---

1. The foreman testified that the comments made by the bailiff did not influence him.

2. Rule 30 of the Texas Rules of Appellate Procedure became effective September 1, 1986 repealing Tex.Code Crim.Proc.Ann. art. 40.03. The two provisions are essentially the same.

mony of the bailiff constitutes an impermissible attempt to impeach the juror's verdict. We reject the State's contention because of the well-established exception to the general rule against impeachment which allows proof by a juror of jury misconduct for which a new trial is statutorily mandated. *Stallworth v. State*, 186 S.W.2d 252, 256 (Tex.Crim.App.1945); *Bishop v. State*, 695 S.W.2d 359, 362 n. 2 (Tex.App.—Amarillo 1985, pet. ref'd).

■ The rule against jurors conversing with unauthorized persons is founded upon an accused's right to confrontation and is so strong that injury is presumed. However, the presumption is rebuttable. *McMahon v. State*, 582 S.W.2d 786, 793 (Tex.Crim.App.1978); *MaGee v. State*, 715 S.W.2d 838, 840 (Tex.App.—Houston [14th Dist.] 1986, no pet.).

The Court of Criminal Appeals has held that an affirmative response by a bailiff to a question asked by a juror concerning whether a verdict must be unanimous does not warrant a new trial. *Martinez v. State*, 471 S.W.2d 399, 400 (Tex.Crim.App. 1971); *Boone v. State*, 242 S.W.2d 380 (1951).

■ The appellant contends that the instant case is distinguishable from *Martinez, supra*, since the question was prefaced with the phrase "to go back inside the courtroom," and thus coercive. We disagree. The statement of the bailiff was no more than a paraphrased version of the instruction contained in the jury charge given by the court that after the jury had reached a unanimous verdict "... you will then be brought into open court." There is simply no evidence before the court that the conversation adversely affected the appellant's rights below. *MaGee*, 715 S.W.2d at 841 (court found no reversible error where bailiff gave the jury an "Allen" charge). We overrule appellant's points of error one and two.

In his third point of error, appellant complains that he is entitled to a new trial because the jury considered evidence not in the record.

The record reflects that during jury deliberations, juror Soto and the foreman made some type of reference to a San Benito case where another school teacher had been accused by his students of a similar offense. The San Benito case was never brought to trial because the children confessed to lying. Juror Soto testified at the hearing, and the pertinent part of her testimony is as follows:

Q: And what else was discussed about this case?

A: Well—we were just discussing about the children that we felt that the children were lying. But the fact they never broke down and, you know, proved that they were lying. So in reference, you know, we just referred to that case which was never brought into court. It was just settled out.

Q: What do you mean "settled out"?

A: Well *I believe* the District made some kind of hearing themselves and ... *and the children confessed that they were lying, that they were just making trouble and this is what we referred to, you know, nothing else. And that was the end of it.* And we talked about how we felt that these children were lying. Why they didn't break down. And so this is what we were discussing, you know. That's all.

Q: Did you compare that case with this case, Baldonado case?

A: Yes, in a way.

Q: Did you at one time say to Mr. Hess that that case influenced your decision in making a finding in this case of guilty?

A: Yes. I believe it did.

The foreman of the jury also testified at the hearing as follows:

Q: Well, Mr. Perez, isn't it a fact you discussed another case with a Ms. Soto, a San Benito case that dealt with sexual abuse?

A: *No sir, I never discussed the case. She brought up that thing but we never discussed the case in reference to that.*

Q: Now did this so called conversation that you had with Ms. Soto about some San Benito teacher case, did that have

any influence whatsoever on the jury verdict that you rendered?

A: No sir.

Q: Did any of the other jurors discuss this so called San Benito teacher case?

A: No, sir. I just remember that she said that she was a teacher and she knew of this person in San Benito, a teacher also, that was accused and charged the same charges. *But I never discussed the case with her.* I am aware of this other person because I am from San Benito. *But I never discussed the case and I never involved that case with this other case.* [Emphasis added].

■ Tex.R.App.P. 30(b)(7) provides that a new trial shall be granted where, after retiring to deliberate, the·jury has received other evidence. The purpose of this statute is to guarantee the integrity of the accused's fundamental right to trial by a jury, by restricting the jury's consideration to that properly introduced during the trial. Tex.R.App.P. 30(b)(7); *Bearden,* 648 S.W.2d at 693. In order to compel a new trial, the other evidence must be (1) received by the jury and (2) be detrimental to the defendant. *Garza v. State,* 630 S.W.2d 272, 274 (Tex.Crim.App.1982); *Hunt v. State,* 603 S.W.2d 865, 868 (Tex.Crim.App. 1980).

This Court has held that issues of fact as to jury misconduct raised in a motion for new trial are for the determination of the trial court. *Garza v. State,* 695 S.W.2d 58, 59 (Tex.App.—Corpus Christi 1985, no pet.). "If there is conflicting evidence on the issue of whether the jury received the evidence, a fact question is presented, and the trial court's determination of the question will be overturned on appeal only if an abuse of discretion is shown." *Hunt,* 603 S.W.2d at 868; *Garza,* 695 S.W.2d at 59; *Marinez v. State,* 654 S.W.2d 500, 502 (Tex. App.—Corpus Christi 1983, no pet.).

■ The determination of whether a jury has "received" other evidence is a question of degree, and a passing remark will not constitute receipt of other evidence. *See Marinez,* 654 S.W.2d at 502, *citing Stephenson v. State,* 571 S.W.2d 174 (Tex.Crim.App.1978). It is not mandatory

to grant a new trial every time a juror mentions something that is not supported by the evidence. *Zuniga v. State,* 635 S.W. 2d 780, 782 (Tex.App.—Corpus Christi 1982, pet. ref'd).

■ While it is clear from the record that the San Benito case was mentioned, the extent of the conversation is contro-·verted. Soto's testimony itself is unclear as to what statements were actually made. The record reveals that Soto was aware of this case prior to becoming a juror, and her own personal knowledge may have influenced her decision. Furthermore, the foreman testified repeatedly that the case was mentioned, but never discussed. It is evident that there was conflicting evidence of whether the case was mentioned in passing, or discussed as a comparison with the instant case. Therefore, it was not affirmatively established the jury received other evidence. We cannot find the trial court abused its discretion in failing to find that the outside evidence was received. *Compare, Bearden, supra,* 648 S.W.2d at 692–93; *Scott v. State,* 352 S.W.2d 726, 727 (Tex.Crim.App.1962) (other jurors unable to remember if they made statements, State did not controvert evidence of misconduct); *See also, Hunt,* 603 S.W.2d at 868 (jurors involved did not deny that improper conversation occurred).

■ The appellant further argues that since the State did not controvert Soto's testimony that *she* considered the case and it influenced her, the case should be remanded for a new trial. We find this argument without merit. Testimony that personal knowledge influenced her verdict, is an impermissible attempt to impeach her verdict by explaining the effect of such knowledge on her mind as influencing her to dissent from the verdict. Tex.R.Crim. Evid. 606(b). Appellant's third point of error is overruled.

In his fourth point of error, the appellant complains that he was denied a fair and impartial trial when several jurors engaged in misconduct by failing to disclose during voir dire that they required the appellant to prove his innocence. Appellant's assertion

is not supported by the record. Tex.R.App. P. 30(b)(8) provides that a new trial shall be granted where the court finds that the jury has engaged in such misconduct that the accused has not received a fair and impartial trial. In order to be entitled to a new trial pursuant to Tex.R.App.P. 30(b)(8), appellant must establish the jury was guilty of misconduct and that the misconduct was such as to deprive him of a fair and impartial trial. *Garza*, 695 S.W.2d at 59.

Appellant relies on the testimony of two jurors, Soto and Baron, who testified that they believed the defense attorney should have called some witnesses on the appellant's behalf and should have proved him innocent. Neither juror testified that at voir dire they heard questions from counsel concerning the burden of proof, or that they understood these questions.

Appellant's complaint constitutes an attempt to improperly impeach the jury's verdict by revealing the reasons for the conclusions reached, and the mental processes by which the jury reached its verdict. *Daniels v. State*, 600 S.W.2d 813, 816 (Tex. Crim.App.1980); *Garza*, 695 S.W.2d at 60. Moreover, jury misconduct implies an action performed, committed or engaged in while a juror; not the failure to answer a question while a venireman and before one is member of the jury.

Appellant's fourth point of error is overruled.

The appellant, in his fifth point of error, complains that the trial court erred in allowing the admission of testimony concerning extraneous offenses.

■ Extraneous transactions constituting offenses may become admissible upon a showing by the prosecution that both, the transaction is relevant to a material issue in the case, and that the probative value outweighs its prejudicial effect. *Boutwell v. State*, 719 S.W.2d 164 (Tex. Crim.App.1985); *Williams v. State*, 662 S.W.2d 344 (Tex.Crim.App.1984); *Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim.App. 1972). Extraneous offenses are admissible to prove scienter, where intent or guilty knowledge is an essential element of the State's case and cannot be inferred from the act itself. *Morgan v. State*, 692 S.W.2d 877, 880 (Tex.Crim.App.1985); *Albrecht*, 486 S.W.2d at 101.

■ At the trial below, the appellant contended that any contact with the complainants was accidental, therefore, intent was a material issue throughout the trial. In rebuttal, the State called two witnesses to testify that the appellant had committed similar extraneous acts. It is well-established that extraneous offenses are admissible to negate or rebut the possibility of accident, therefore, we overrule appellant's fifth point of error. *Morgan*, 692 S.W.2d at 881.

In his sixth point of error, the appellant claims that the trial court erred in permitting a witness to testify because his name did not appear on the witness list provided to the appellant pursuant to a motion to list State's witnesses.

■ During the rebuttal phase of the trial, the State called Janie A. Romero to testify. Appellant objected on the grounds that the proffered testimony concerning extraneous offenses was inadmissible. The appellant did not inform the court that the witness was not disclosed on his witness list. Since the point of error presented on appeal must be the same as the objection raised at trial, nothing is presented for review. *Burdine v. State*, 719 S.W.2d 309, 319 (Tex.Crim.App.1986); *Adams v. State*, 669 S.W.2d 339, 343 (Tex.App.—Corpus Christi 1984), *aff'd on other grounds*, 707 S.W.2d 900 (Tex.Crim.App.1986). Accordingly, we overrule appellant's sixth point of error.

The judgments of the trial court are AFFIRMED.