Vance **PATON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–591–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 22, 1992.

Phillip M. Westergren, Corpus Christi, for appellant.

Carlos Valdez, County Atty., Eric D. Perkins, Asst. County Atty., Nueces County Courthouse, Corpus Christi, for the State.

Before NYE, C.J., and HINOJOSA and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury convicted appellant, Vance Paton, of driving while intoxicated. *See* TEX.REV. CIV.STAT.ANN. art. 67011–1(b) (Vernon 1992). Punishment was assessed by the jury at a $500.00 fine and a ninety-day jail term, which was probated for two years. By two points of error, appellant complains of jury misconduct. We affirm.

The evidence showed [1] that appellant was driving in a public place when he rear-ended a police vehicle. The impact caused no significant damage to either car. Appellant was charged with driving while intoxicated. During the trial appellant testified that he had been drinking the night he was

arrested. No breathalyzer evidence was admitted.

Appellant was tried and the cause submitted to the jury. The jury voted three times, and on the third time it voted to convict appellant. After trial appellant filed a motion for new trial complaining of jury misconduct. The motion for new trial was denied. No findings of fact or conclusions of law were filed.

Appellant's first point of error complains that he was denied a fair trial because the jurors received other evidence after retiring to deliberate on their sentence. The evidence the jury received was information by one juror that he owned a car similar to appellant's, that it was a sturdy car, and that it would take a severe impact to cause damage to the front of the vehicle. Appellant argues that the jury considered this information as evidence, and that the jurors concluded that the lack of damage to the vehicle did not necessarily prove that the impact was minor. Appellant argues that whether the impact was minor or severe related to the principal question in the case, which was whether appellant possessed the normal use of his mental or physical facilities.

Texas Rule of Appellate Procedure 30(b)(7) provides:

(b) **Grounds.** A new trial shall be granted an accused for the following reasons:

.     .     .     .     .

(7) Where after retiring to deliberate the jury has received other evidence;

. . .

Appellant bases his argument on the following testimony adduced at the hearing on the motion for new trial. Juror Toscano testified that another juror disclosed that the type of police car involved could be hit hard without showing damage. However, Toscano also testified that this information did not affect his vote.

Juan Gonzales testified that he told the other jurors that he owned a 1980 Chevro-

---

1. Our recitation of the facts is somewhat limited because appellant has not filed a statement of facts reflecting what occurred during the guilt/innocence or punishment phase of the trial.

let Caprice and that he was involved in a rear-end accident. He informed the other jurors that the other car was badly damaged, but that his car suffered only minor bumper damage. Gonzales testified that this information was important to him.

Juror John Finke testified that Gonzales brought up the subject of bumper damage before the jurors. Finke also testified that he read the instructions and decided that they should limit the scope of deliberations to the evidence presented at trial.

The foreman, Juror Daniel Keddrell, testified that he recalled juror Gonzalez state that he owned a car like the police car, and that it had a very strong bumper. However, Keddrell testified that this was brought up as trivia.

■ After hearing this evidence, the trial court denied the motion for new trial. In *Baldonado v. State*, 745 S.W.2d 491, 493 (Tex.App.—Corpus Christi 1988, pet. ref'd), we noted that in a case involving controverted questions of fact regarding juror misconduct, the trial court sits as the fact finder, and its decisions will be reversed only for an abuse of discretion. *Id.* at 495. In other words, if there is any evidence to support the trial court's rulings, we will not disturb them.

■ In *Baldonado* we wrote: "The determination of whether a jury has "received" other evidence is a question of degree, and a passing remark will not constitute receipt of other evidence.... It is not mandatory to grant a new trial every time a juror mentions something that is not supported by the evidence." *Id.* at 495 (citations omitted). In *Baldonado*, the evidence was uncontroverted that a different case involving similar facts was mentioned, but the evidence conflicted on the question whether it was mentioned in passing or discussed as a comparison. The trial court ruled that the jury did not "receive" facts not in evidence. We sustained the trial court's ruling, and held that the trial court did not abuse its discretion because some of the conflicting evidence supported its ruling. *Id.* at 495.

The evidence in this case is uncontroverted in showing that Gonzales mentioned how sturdy the bumpers were on the type of car driven by the police officer; however, juror Keddrell testified that this was "a point of trivia." Thus, sufficient evidence supports the trial court's ruling that this remark was, like *Baldonado,* made in passing. *Id; see also Goldstein v. State,* 803 S.W.2d 777, 796 (Tex.App.—Dallas 1991, pet. ref'd); *Bahlo v. State,* 707 S.W.2d 249, 252 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd).

We hold the evidence supported the trial court's finding that no evidence was "received" by the jury. TEX.R.APP.P. 30(b)(7). Appellant's first point is overruled.

■ Appellant's second point complains that the trial court erred in denying his motion for new trial because the jurors believed that the verdict must be unanimous. Appellant's complaint is that TEX. R.APP.P. 30(b)(3) was violated because the verdict was decided in a "manner other than by a fair expression of opinion by the jurors." *Id.*

The evidence showed that the jurors decided that their decision had to be unanimous—either all for not guilty, or all for guilty. The jurors did not understand that they could disagree and the result would be a hung jury and possibly a retrial. The basis of the jurors' belief was their reading of the jury charge, and not some outside source.

In *Bennett v. State,* 742 S.W.2d 664 (Tex.Crim.App.1987), the Court of Criminal Appeals faced a similar question: whether a defendant is entitled to a new trial if a juror casts a different vote to reach a unanimous verdict. In that case, one juror signed an affidavit stating:

that she was not convinced beyond a reasonable doubt that appellant would be a continuing threat to society but answered the question 'yes' because other members of the jury told her that the judge could not accept an undecided answer on that issue and that they had to stay in the jury room until they reached a decision. She stated that she could never convince the other members to vote 'no' so she believed she must vote 'yes' since a deadlock would not be accepted by the court.

*Id.* at 675. The Court held that this affidavit did not establish that the jurors failed to reach their verdict by a fair expression of opinion. *Id.* at 676.

*Bennett* cited *Powell v. State,* 79 Tex. Crim. 526, 187 S.W. 334 (1916). In *Powell,* the Court wrote that a juror's decision to vote to convict to avoid a hung jury did not entitle the defendant to a new trial.

Like *Bennett,* in this case appellant is contending that the juror's belief that an "undecided answer" or a hung jury was not permitted establishes that the verdict was not reached through a fair expression of opinion. This precise argument was unsuccessful in *Bennett.*

*Powell* is similar because in that case, like the instant case, the juror voted to convict to avoid a hung jury. An added wrinkle in this case is that the juror voted to convict because he believed that the jury's inability to reach a unanimous verdict would require them to remain empaneled indefinitely.

Following *Bennett* and *Powell,* we overruled appellant's second point. The trial court's judgment is affirmed.