**Efrain MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–347–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 17, 1992.

Rehearing Overruled Jan. 14, 1993.

Dorina Ramos, McAllen, for appellant.

Rena Guerra, Dist. and County Atty., Theodore C. Hake, Asst. Criminal Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

### OPINION

NYE, Chief Justice.

A jury found appellant guilty of theft. The trial court assessed punishment at ten years' probation. On original submission, appellant complained of insufficient evidence and jury misconduct. While sufficient evidence exists to uphold the conviction, this Court abated the appeal and ordered the trial court to conduct a hearing on appellant's motion for new trial concerning jury misconduct. We limited the scope of the hearing to address specific grounds, which appellant narrowed into two claims. Appellant alleged that a juror knew one of the alleged victims but failed to disclose this fact at voir dire. He further alleged that one juror conversed with an unauthorized person, told the jury that she knew what really happened and that one of the defense witnesses, whom she knew, was faking her tears. After hearing testimony from seven witnesses, the trial court denied appellant's motion for a new trial. We affirm the trial court's judgment.

Appellant was charged with acquiring and exercising control over $1,000 from Horacio Gonzales by deception and without his effective consent. The State showed that appellant visited the home of Horacio and Maria Gonzales. Their son, Manuel Gonzales, had been arrested with Victor Cavazos for possessing marihuana. Appellant told the Gonzales family that he was an attorney, and he would defend their son for $3,000. The Gonzaleses said they could not afford that amount. Instead, they gave appellant $1,000 to represent their son, Manuel. Before leaving their home, appellant obtained an affidavit from Manuel exonerating Victor Cavazos, who was the appellant's godson.

Later, appellant gave Manuel's statement to the district attorney. Appellant never appeared at Manuel's trial to represent him. When the Gonzales' attempted to get their money back from appellant, he refused.

By his sole supplemental point of error, appellant complains that the trial court abused its discretion in denying his motion for new trial. At the motion for new trial hearing, appellant called Rafael Doherty and the jury foreperson, Rebecca Garza. Doherty testified that during deliberations one of the female jurors stated that she knew the Gonzales family. Doherty did not remember the juror's name. The State called four other female jurors to testify at the hearing. Between appellant's and the State's witnesses, all of the female jurors who served at appellant's trial testified at the hearing. All of them denied knowing the Gonzales family prior to appellant's trial. Doherty's testimony was the only possible evidence raising the issue that a female juror may have failed to disclose her acquaintance with the Gonzales family during voir dire. The State showed that all of the female jurors denied knowing the Gonzaleses. At such a hearing on a motion for new trial, the trial judge acts as the trier of fact. *Tollett v. State*, 799 S.W.2d 256, 259 (Tex.Crim.App. 1990); *see generally Baldonado v. State*, 745 S.W.2d 491, 495 (Tex.App.—Corpus Christi 1988, pet. ref'd). His findings will not be disturbed absent an abuse of discretion.

The next ground upon which we granted appellant a hearing contains three allegations. Appellant complaints that one juror, Castillo, had unauthorized contact with a member of the Cavazos family, that Castillo told the rest of the jury that she knew what really happened, and that a defense witness, Mrs. Cavazos, was faking her tears.

Appellant called the jury foreperson, Rebecca Garza. Garza testified that she saw Juror Castillo have a conversation with Melissa Cavazos, the daughter of one of the witnesses. The conversation occurred during a break when she, Castillo, and the other jurors were at the snackbar. Garza said that Castillo walked away with Melissa Cavazos and returned approximately ten minutes later. Garza supposed that Melissa Cavazos told Castillo what happened but

later admitted that she had no idea of the contents of the conversation and did not tell anyone about the incident until appellant's attorneys approached her after the verdict.

Gracie Castillo testified that she was acquainted with Victor and Melissa Cavazos. She knew them from school. She stated that she was familiar with the family because the Cavazoses are politically active in her community. Castillo related that, while on a break during trial, she saw Melissa Cavazos (who did not participate in the trial) and spoke with her briefly. Castillo stated that they did not discuss the trial. They merely exchanged greetings. Melissa had asked Castillo who she was dating.

■ Appellant correctly states that the rule against jurors conversing with unauthorized persons about a case is so strong that injury is presumed. *Thomas v. State*, 699 S.W.2d 845, 853 (Tex.Crim.App. 1985); TEX.CODE CRIM.PROC.ANN. art. 36.22 (Vernon 1981). However, the State may rebut this presumption of harm by showing that the case was not discussed. Here, the State showed through Castillo's testimony that the conversation she had with Melissa Cavazos did not involve appellant's case.

Next, appellant complains that Castillo told the jury panel that she knew what really happened and that Mrs. Cavazos feigned crying during her testimony. In addition to the evidence already discussed, Rebecca Garza testified that during deliberations, Gracie Castillo was very quiet while all of the other jurors were voicing their opinions. When asked why she was not participating, Castillo said that she knew what had happened. Castillo also said that she knew the Cavazos family, and she believed they would say anything. Garza and the others cautioned Castillo not to say anymore. Garza candidly admitted that she did not remember exactly what Castillo said because it had been "quite some time." Appellant's attorney continually refreshed Garza's memory from an affidavit she had given some time ago, shortly after the trial.

In response to defense counsel's question about whether Castillo's revelation affected her, Garza stated:

At the beginning I had my verdict and then I changed it but from that point after I changed it, I didn't change it again. It did concern me what she said because in my mind I thought, well, she knows what really happened but it didn't change my verdict from that point on, if that's what you mean.

On cross-examination, Garza explained that the conversation she had witnessed between Castillo and Melissa Cavazos caused her to suppose that Cavazos told Castillo what happened. She admitted that that was mere supposition on her part and that Castillo did not relate any details of the conversation or the charged incident.

The State asked the other female jurors whether, during deliberations, a juror claimed to know the Cavazos family and the real facts of the event, said that Mrs. Cavazos faked her tears, and whether a juror spoke with Melissa Cavazos. Most of the women had no personal knowledge of the alleged incidents. One woman remembered that a juror said she knew the Cavazos family, but no one claimed to know "what actually happened." Two women stated that someone commented on Mrs. Cavazos' testimony. However, each remembered the comment as an opinion based on observation and that it was not made during deliberations. Gracie Castillo testified that she knew the Cavazos family and told the others so. She denied voicing any opinion on the family, their testimony, or their credibility. She did not say she knew what really happened.

■ The trial court found, based upon the credible evidence, that no grounds existed to grant appellant a new trial. Texas Rule of Appellate Procedure 30(b)(7) provides that a new trial shall be granted if, after retiring to deliberate, the jury has received other harmful evidence. In order to compel a new trial, the other evidence must be (1) received by the jury and be (2) detrimental to the defendant. Whether other evidence has been "received" is a question of degree, and a passing remark will not constitute receipt of other evidence. Castillo admitted to stating that she knew the Cavazoses, but denied ever

commenting on their credibility or saying that she knew what really happened. The other jurors gave conflicting testimony about whether the other statements were made at all. Issues of fact regarding jury misconduct are for the determination of the trial judge. No abuse of discretion is shown when conflicting evidence exists and the motion for new trial is overruled. *Tollett*, 799 S.W.2d at 259; *Baldonado*, 745 S.W.2d at 495. The trial court did not abuse its discretion in finding that the jury did not receive other evidence that was harmful to appellant and finding that no grounds existed to grant appellant a new trial.

The judgment of the trial court is AF-FIRMED.