Opinion Issued January 27, 2005













 


In The
Court of Appeals
For The
First District of Texas
 
______________

NO. 01-99-01147-CR
_____________
 
CARROLL DWAYNE YOUNG, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 802485




CONCURRING OPINION ON REMAND
FROM THE COURT OF CRIMINAL APPEALS 

          I fully join the majority opinion in its discussion of appellant’s points of error
one through three. However, I write separately to concur in the majority’s decision
to overrule appellant’s points of error five through seven.
          In points of error five through seven, appellant argues that the trial court erred
in denying his motion for new trial because the court erroneously refused to allow
him to present jurors as live witnesses, depriving him of an adequate appellate record
and his federal due process rights.


 Appellant requests that this Court abate the
appeal “with orders to allow [him] to call jurors as witnesses at another motion for
new trial hearing.”
          In support of his argument, appellant relies on Stephenson v. State, 494 S.W.2d
900, 909 (Tex. Crim. App. 1973), in which the Court of Criminal Appeals held that
a trial court erred in refusing to allow, in a hearing on a motion for new trial, juror
testimony concerning juror misconduct. In reaching its decision, the court discussed
the general rule that “a motion for new trial alleging jury misconduct must be
supported by the affidavit of a juror or some other person who was in a position to
know the facts.” Id. at 908-09. Although the court emphasized that the rule is
necessary “to discourage ‘fishing expeditions’ in an effort to impeach a jury verdict,”
it explained that “such an affidavit is not absolutely necessary but that the failure to
secure it might satisfactorily be explained or accounted for, in which event it would
be the duty of the trial court to hear evidence in support of the allegations.” Id. 
(quoting Clark v. State, 289 S.W.2d 288, 290 (Tex. Crim. App. 1956)). The court
concluded that the trial court had erred because Stephenson’s counsel, in his motion
for new trial, had specified by name three jurors who had related juror misconduct to
him, and he explained that they had refused to sign affidavits, although they had
assured him that they would testify to the facts alleged if subpoenaed. Id. at 909.
          Subsequently, in overruling a defendant’s contention that a trial court had
deprived him of effective assistance of counsel by “quash[ing] post-trial defense
subpoenas for jurors,” the Court of Criminal Appeals explained that, assuming that
the defendant was entitled to subpoena the jurors as witnesses under the Compulsory
Process Clause,


 “the defendant would bear the burden of showing that the testimony
sought is material.” Jackson v. State, 992 S.W.2d 469, 476 (Tex. Crim. App. 1999). 
The court then emphasized that Stephenson was distinguishable from Jackson’s case
because (1) Stephenson had provided evidence that the jurors actually possessed
information material to the motion for new trial and (2) his counsel had, in fact,
interviewed the jurors who had expressed a willingness to testify. Id.
          Likewise, in the instant case, although appellant has satisfactorily explained his
inability to obtain affidavits from jurors, he has not shown that the jurors actually
possessed information material to his motion for new trial or that his counsel had
talked to jurors who had expressed a willingness to testify. 
          Although appellant does not expressly assert a compulsory process challenge,
he is in fact requesting that this Court order the trial court to allow him to compel all
12 jurors in his case to testify in a live hearing on his motion. However, it is well
established that, in order to exercise a compulsory process right, “[a] defendant must
make a plausible showing to the trial court, by sworn evidence or agreed facts, that
the witness’s testimony would be both material and favorable to the defense.” 
Coleman v. State, 966 S.W.2d 525, 528 (Tex. Crim. App. 1998). It is true that a 
defendant who has not had an opportunity to interview a witness may make the
necessary showing by establishing the matters to which the witness might testify and
the relevance and importance of those matters to the success of the defense. Id. 
Nevertheless, the defendant must meet the burden of showing materiality and
favorableness to prevent “frivolous and annoying requests” that could make the
proceeding “endless and unduly burdensome on the Court and all officers thereof.” 
Id. (quoting Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983)).
          Even if appellant had expressly asserted a compulsory process challenge, his
argument that this Court should order the trial court to allow him to compel all 12
jurors in his case to testify in a live new-trial hearing fails. Although appellant
presented his affidavit and the affidavits of two of his holdover cell mates to the trial
court in support of his motion, a review of these affidavits reveals that the trial court
could have reasonably found that this evidence was simply too tenuous to support
bringing all 12 jurors back into court. Additionally, appellant did not demonstrate
that any of the 12 jurors actually would have provided testimony both material and
favorable to him in his effort to secure a new trial. The record thus supports an
implied finding by the trial court that compelling the jurors to come back to court
under these circumstances would have resulted in a fishing expedition to impeach
their verdict.
          Accordingly, I concur in the majority’s conclusion that the trial did not abuse
its discretion in denying appellant’s motion for new trial on the grounds that the trial
court erroneously refused to allow appellant to present the jurors as live witnesses.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Bland.

Justice Jennings, concurring.

Publish. Tex. R. App. P. 47.2(b).