NUMBER
13-04-023-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

EDGARDO
CASTELLANOS,                                                            Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 389th District
Court

                                        of
Hidalgo County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 

 

 








 

Appellant, Edgardo Castellanos, appeals his
conviction on aggravated sexual assault of a child and indecency with a
child.  He raises seven issues on appeal,
all but two of which have been waived. 
In the remaining issues, appellant claims error with regard to (1)
rebuttal evidence disallowed under the rape shield rule and (2) the denial of
his challenge for cause and motion for mistrial when the parties learned a
juror had once been a roommate of a witness. 
We affirm the judgment of the trial court.

I.  Facts and
Procedural History








The victim, E.M., was born in November 1984.  She was eighteen years old at the time of the
trial.  She lived with her mother, her
stepfather, appellant; appellant=s parents, her two brothers, and a sister until
1998.  Before she was fourteen years old,
she had no contact with her biological father. 
E.M. met her biological father as a result of a suit for back child
support.  Within a month or two of that
meeting, in December 1998, she moved out of her mother=s home and began to live with her father.  While she lived with her father, her mother
did not exercise visitation rights, although her parents continued their legal
dispute over back child support.  On
February 6, 2002, E.M. came forward and accused her stepfather, appellant, of
touching her genitals and forcing her to perform oral sex over a period of
about six years, from when she was seven until she was about thirteen years
old.  She testified that starting around
eleven years of age, he attempted on a few occasions to penetrate her vagina
with his penis, but that she cried out in pain and he stopped.   E.M. claimed she told her father of the abuse
when she moved in with him in 1998, but neither of them reported the incident
to any authorities until February 2002. 
Both E.M. and her father denied that the charges were brought in
retaliation for the child support suit. 
E.M.=s father claimed they were motivated to act because
E.M. was about to turn eighteen, and they feared exceeding a statute of
limitations.

E.M. submitted to a physical examination on February
28, 2002.  During the trial, the
attending hospital nurse testified as to the results of E.M.=s physical. 
She described Aan indention, like a notch@ at around the 9 o=clock
position on the hymen.  She further
stated that the injury was consistent with her claims of abuse by
appellant.  When asked to estimate the
amount of time that had passed from the time of the injury, the nurse could not
be precise and said, AI couldn=t tell you how long. . . .   It could have been two months, it could have
been years.@  E.M.
testified that prior to her examination she had not been sexually active.








Appellant=s defense counsel sought to rebut her testimony in a
hearing outside the presence of the jury, in which E.M. stated that she met her
boyfriend in the fall of 2001.  She
further stated that she became sexually active with her boyfriend in April
2002, two months after her physical examination, and that she had told one of
her cousins that she had lost her virginity to her boyfriend.  E.M. explained that she felt she was still a
virgin even after the alleged abuse because appellant did not fully insert
himself the way her boyfriend did. 
Defense counsel requested the admission of evidence relating to E.M.=s sexual activity with her boyfriend.  He explained that he needed the jury to hear
the evidence and determine whether or not she was lying about not being
sexually active before her examination, given that she admitted to being
sexually active shortly thereafter.  The
trial judge denied admission of the testimony by holding it irrelevant and
inadmissible under the rape shield rule, explaining, AThere is a big difference between not being a virgin
and your hymen being broken.@  The judge
also did not allow defense counsel to ask questions about the boyfriend in
front of the jury.

On January 10, 2003, E.M. came forward to request
the charges against appellant be dismissed, although she did not disavow her
claims.  The charges were not dismissed,
and the trial court found appellant guilty of four counts each for aggravated
sexual assault and indecency with a child. 

II.  Waived
Issues on Appeal

Appellant=s brief Amust contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record.@  Tex. R. App. P. 38.1(h).  When appellant=s
brief fails to make a clear and concise argument with appropriate citations,
the courts will hold that appellant has waived the issue.  See, e.g., In re A. J. G.,
131 S.W.3d 687, 692 (Tex. App.BCorpus Christi 2004, pet. denied).  Furthermore, to preserve an error for appeal,
appellant=s trial counsel must make an appropriate and
timely  objection or the issue is
waived.  See Tex. R. App. P. 33.1(a).

Appellant=s first issue objects to the nurse=s statement that she believed E.M. was truthful
about what she said during her medical exam. 
Appellant=s sixth issue argues that the charges against
appellant were obviously fabricated because of a contradiction between a date
the prosecutor gave in her argument to the jury and a date given in the
charge.  Neither issue offers citations
to any authority to support the claims as required under rule 38.1(h); we
therefore conclude they have been waived. 
See Tex. R. App. P. 38.1(h).








Appellant=s second issue argues that the trial court allowed
impermissible hearsay testimony when the nurse, when asked what E.M. said to
her during her examination, responded by reading a medical report into the
record.  Appellant now claims that
portions of reports prepared by a hospital are impermissible hearsay even if
those reports are public records. 
Without addressing the merits of that claim, we note the record shows
that during trial, defense counsel objected to this reading of the record as
bolstering, not as hearsay.  Bolstering
has been defined as Awhen one item of evidence is improperly used by a
party to add credence or weight to some earlier unimpeached piece of evidence
offered by the same party."  Cohn
v. State, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993).  Appellant=s
discussion of this issue does not address the bolstering objection.  We further note that there is some
uncertainty as to whether bolstering as an objection survived adoption of
evidentiary rulings and is adequate to preserve an error for appellate
review.  See Montoya v. State, 43
S.W.3d 568, 573 n.2 (Tex. App.BWaco 2001, no pet.). 
Without reaching the merits of the objection, we conclude that because
appellant=s trial counsel did not make a hearsay objection,
the second issue is waived.  See Tex. R. App. P. 33.1(a).

Appellant=s third issue, asserting ineffectiveness of counsel,
offers no citations to any authority to support the claims of ineffective
assistance as required under rule 38.1(h). 
See Tex. R. App. P. 38.1(h).  Indeed, there is no discussion or even
mention of the legal test for ineffective assistance set forth in Strickland
v. Washington, 466 U.S. 668, 687 (1984). 
Because appellant fails to make a clear and concise argument with
appropriate citations as required under rule 38.1(h), we hold this issue has
been waived.  See Tex. R. App. P. 38.1(h).








Appellant=s seventh issue appears to contest the admissibility
of a polygraph test.  Appellant offers no
citations to the record as required under rule 38.1(h).  See Tex.
R. App. P. 38.1(h).  Furthermore,
the relevant statement in the appeal lacks clarity:  ADefendant=s Motion to Admit Results of Polygraph Examination
was addressed to the filed a urged early in timed after the State had agreed to
have the defendant examined for deception.@  Because this
issue fails to provide a clear and concise argument with appropriate citations,
it violates rule 38.1(h).  See id.  Therefore, appellant has also waived this
issue.

Accordingly, appellant=s
first, second, third, sixth, and seventh issues are overruled.

III.  Rape
Shield Rule

Appellant=s fourth issue claims that the trial court erred by
excluding evidence that could show the damage to E.M.=s hymen could have been caused by events other than
those she alleged.  Appellant claims that
the court improperly applied Texas Rule of Evidence 412, the rape shield,
thereby barring appellant=s ability to rebut evidence.

The rape shield bars admission of prior sexual
history in sexual assault cases except in certain circumstances, such as when
the evidence is required to rebut medical evidence.  See Tex.
R. Evid. 412(b)(2)(A).  The
admissibility of past sexual behavior evidence is subject to a two‑part
test:  (1) the evidence must fall within
one of the exceptions stated in rule 412(b)(2); and (2) its probative value
must outweigh the danger of unfair prejudice, per rule 403.  See Tex.
R. Evid. 403.  In cases where an
appellate court has held evidence was impermissibly barred by the trial judge,
defense counsel had attempted to offer evidence of the alleged victim=s prior sexual history to rebut the medical evidence
against the appellants.  See Miles v.
State, 61 S.W.3d 682, 687 (Tex. App.BHouston [1st Dist.] 2001, pet. ref'd); Hood v.
State, 944 S.W.2d 743, 746 (Tex. App.BAmarillo 1997, no pet.); Reynolds v. State,
890 S.W.2d 156, 157 (Tex. App.BTexarkana 1994, no pet.).  Here, defense counsel had no such evidence
and sought to admit testimony about E.M.=s sexual activities after the physical
examination.  Such testimony is
irrelevant and inadmissible under rule 412. 
This issue is overruled.








IV.  Tainted
Juror

Appellant=s fifth issue claims that the court erred in denying
appellant=s challenge for cause and permitting a juror to
remain after discovering she was once a roommate of a material witness.  During voir dire, the defense counsel asked
the venire if any of them personally knew Maria Longoria, the sex crimes
investigator assigned to the case and a witness.  No one responded.  Defense counsel later learned of the prior
relationship between the juror and the witness and moved for a mistrial.  Both the witness and the juror testified
before the judge in camera that they had been roommates over ten years earlier,
but that they had not remained in contact. 
The juror testified that she did not initially recognize Longoria=s name but had later recognized Longoria when she
saw her face.  The juror further stated
she could remain fair and impartial despite that prior relationship.  The court denied the motion for a
mistrial.  Appellant now asserts his
challenge for cause was improperly denied and his constitutional right to an
impartial jury was violated.  See Tex. Const. art. I, ' 10.








The mere fact that a juror knows a person involved
in the case does not automatically establish a partial jury or require a
mistrial.  See Martinez v. State,
846 S.W.2d 348, 349-51 (Tex. App.BCorpus Christi 1992, pet. ref=d.) (holding that the judge had discretion to deny a
mistrial after learning a juror knew an alleged victim and had held a conversation
with the daughter of a witness during a break because the judge determined the
errors were not harmful, as the juror had no opinions or knowledge of the facts
in the case and did not discuss the case with the witness=s daughter). 
Here, the juror had not been in contact with the witness for ten years
and testified she could remain impartial. 
There is no reason to suspect juror bias, and the judge did not abuse
her discretion when she overruled the motion for a mistrial.  See id.  Appellant=s
issue is overruled.

V.  Conclusion

We affirm the judgment of the trial court.

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do not publish.

Tex.
R. App. P. 47.2(b).

 

 

Memorandum
Opinion delivered and filed

this
18th day of August, 2005.