Opinion delivered June 19, 1886.

[No. 5058.]

ELLIOT DOOLEY v. THE STATE.

FORGERY—TERM DEFINED.—"Pecuniary obligation," as that term is applied to a forged instrument in the statutory definition of forgery, means "every instrument having money for its object, and every obligation for the breach of which a civil action for damages may be lawfully brought." The alleged forged instrument in this case was a telegram, dispatched in the name of one McK., at San Antonio, to one E., at Austin, announcing the death of one L., and asking a remittance of money "for her remains." *Held,* that the instrument comes within the statute and is the subject of forgery. See the opinion on the question.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. Noonan.

This was a conviction for forgery, the details of which are sufficiently set out in the opinion of the court. A term of two years in the penitentiary was the penalty assessed by the jury. The record brings up no statement of facts.

*Brenneman & Bergstrom* filed an able brief and argument for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

## ON MOTION FOR REHEARING.

WILLSON, JUDGE. There is but one question deserving attention in this case, and that is: Is the instrument alleged to have been forged by the defendant such an one as comes within our statute of forgery? The instrument is a telegram, dated at San Antonio, Texas, addressed to Mrs. L. E. Edwards, at Austin, Texas, purporting to be signed by J. W. McKnight, and is in the following words: "Laura is dead. Send seventy-five dollars for her remains. Georgia and mother will come with the baby. Send money to S. B. Wilcox, No. 210 East Commerce street." It is insisted by the counsel for defendant that this instrument, if it had been genuine, would not have created, increased, diminished, discharged, or defeated any pecuniary obligation, and is not, therefore, the subject of forgery.

Our statute defines the term "pecuniary obligation," used in the definition of forgery. It "means every instrument having money for its object, and every obligation for the breach of which a civil action for damages may be lawfully brought." (Penal Code, Art. 437.) It is very clear to our minds that *money* was the object of the instrument in question. It was, in legal effect, an order by McKnight upon Mrs. Edwards, in favor of Wilcox, for seventy-five dollars in money. Its object was to have Mrs. Edwards send to Wilcox that amount of money. Wilcox may have advanced that amount of money upon this order; and, if so, McKnight, had the order been genuine, would certainly have been liable to Wilcox upon said order; and likewise Mrs. Edwards would have become liable thereon had she accepted it. Also, if the order had been genuine, but the facts therein stated false, and Mrs. Edwards had sent the money as requested, very clearly McKnight would have been liable to her upon the order for the money so sent, and for the fraud practiced in obtaining it. We are clearly of the opinion that the instrument comes within the meaning of the statute, and is such an one that, if it were true, would create a pecuniary obligation. (Morris v. The State, 17 Texas Ct. App., 660; Costley v. The State, 14 Texas Ct. App., 156; Boler v. The State, 13 Texas Ct. App., 650.)

The defendant's motion for a rehearing is refused.

*Affirmed, and motion for rehearing overruled.*