### TOM BURNETT V. THE STATE.

#### No. 9798.   Delivered January 13, 1926.

**1.—Forgery—Indictment—Fatally Defective.**

Where an indictment charging forgery sets out the check charged to have been forged, and it is shown to be an ordinary check, but no signature appears on same, such check, in the absence of a proper inuendo averment, would not be a subject of forgery. Distinguishing Crawford v. State, 31 Tex. Crim. Rep. 54; Elkins v. State, 35 Tex. Crim. Rep. 207.

**2.—Same—Continued—Rule Stated.**

The rule has been well stated that ordinarily a fair test of whether an instrument in writing alleged to be forged, is the subject of forgery, is, would the holder of same, if same were true, be enabled to maintain or defeat a civil suit. Tested by this rule the foregoing check, in the absence of any explanatory averments, would be wholly insufficient to enable the holder thereof to maintain or defeat a civil suit. See Fonvelle v. State, 17 Tex. Crim. App. 382, and other cases cited.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for forgery, penalty two years in the penitentiary.

The opinion states the case.

*Geo. W. Johnson* of New Boston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is forgery, the punishment is two years in the penitentiary.

The indictment charges the appellant with having forged the following instrument:

"Hooks, Texas, July 1, 1924.          No. ..............

THE GUARANTY STATE BANK          88-1476

Pay to the
    Order of.........................Tom Burnett......................$ 5.00
.........................Five..............................DOLLARS.
For....Tom Griffen.............
                                                                    "
    --------------------------------------------------------------

Said check being endorsed on back, "Tom Burnett."

There are no innuendo or explanatory averments in the indictment. Appellant filed a motion to quash on the ground that the instrument set out in the indictment would not create, increase, diminish, discharge or defeat any pecuniary obligation and because same was an ordinary bank check and unsigned by any person, and further because same does not purport to be the act of any person and would not be the basis for any civil action, right or liability on the part of the holder or any person in possession of the same, if the same as written were true. An inspection of the instrument above set out is sufficient to convince us that the motion to quash should have been sustained. It is true that the authorities aver that a false instrument in writing may be the subject of forgery although the signature of the purported maker does not appear at the end of such instrument. Crawford v. State, 31 Tex. Crim. Rep. 54, 19 S. W. 756; Elkins v. State, 35 Tex. Crim. Rep. 207, 32 S. W. 1047.

In such case, however, unless the instrument itself clearly shows on its face whose act it is purported to be it is necessary to allege in the indictment by proper averments such facts as will show the name of the purported maker. If the facts in this case warranted the conclusion that the appellant intended to use the name of Tom Griffen as the purported maker of the check then it was clearly the duty of the State by proper averment to allege this fact. The check as written is nothing more nor less than an unsigned check made payable to the order of Tom Burnett for the benefit of Tom Griffen and the place for the signature to the same is blank. In the ordinary course of business no bank would have been justified in cashing this check and charging the same to the account of Tom Griffen. We think it clear that in a civil action brought by Tom Burnett against Tom Griffen for the payment of this check no court would have permitted a recovery in the absence of any explanatory averment to the effect that it was the

intention and purpose of the said Tom Griffen to sign same as the maker. The rule has been well stated that "ordinarily a fair test of whether an instrument in writing alleged to be forged is the subject of forgery is, would the holder of same, if the same were true, be enabled to maintain or defeat a civil suit by such instrument?" Fonville v. State, 17 Tex. Crim. App. 382; Dooley v. State, 21 Tex. Crim. App. 549; 2 S. W. 884; Barber v. State, 64 Tex. Crim. Rep. 89; 142 S. W. 583. Tested by this rule, the foregoing check in the absence of any explanatory averments would be wholly insufficient to enable the holder thereof to maintain or defeat a civil suit by such instrument.

The instrument set out in the indictment being wholly insufficient in the absence of explanatory averments to charge an offense against the Statute, it is our opinion that the judgment should be reversed and the cause dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.