## W. M. BERRY V. THE STATE.

No. 10521.   Delivered December 22, 1926.

**Forgery—Indictment—Allegation and Proof—Variance Fatal.**

Where on a trial for forgery of a check, alleged to be of the name of J. W. Craven, and on the trial the proof established the forgery to be of the name of L. W. Craven, the variance is fatal.   In proof of this offense, if the alleged forged instrument is available, its introduction in evidence is essential, and the instrument introduced coincides with that described in the indictment.   See Wilson v. State, 92 Tex. Crim. Rep. 281; Dovaline v. State, 14 Tex. Crim. App. 312, and Fischl v. State, 54 Tex. Crim. Rep. 55.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction of forgery; penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is forgery; punishment fixed at confinement in the penitentiary for a period of two years.

There were two counts in the indictment, one of which charged the forgery of a check, the other the attempted passing of a forged check.   In each instance the forgery was of the name of J. W. Craven.   The proof relied upon was the making of a check signed L. W. Craven.

The state's attorney before this court concedes that there is a fatal variance between the evidence and the averment.   In proof of this offense, if the alleged forged instrument is available, its introduction in evidence is essential.   See Wilson v. State, 92 Tex. Crim. Rep. 281; Dovaline v. State, 14 Tex. Crim. App. 312.   It is likewise necessary that the instrument introduced in evidence coincide with that described in the indictment. See Fischl v. State, 54 Tex. Crim. Rep. 55; Vernon's Ann. Tex. P. C., Vol. 2, p. 164.   The variance in the present case is fatal.   See Wallace v. State, 87 Tex. Crim. Rep. 527.

The bills complaining of the procedure are not sustained.

For the reason stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*