Edward JIMINEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 53123–53126.

Court of Criminal Appeals of Texas.

June 22, 1977.

Rudolph E. Gaulke, Court appointed on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Cause No. 52,123 is an appeal from an order revoking probation. On August 5, 1974, appellant entered a plea of guilty to the offense of forgery as defined by Article 979, V.A.P.C. (1925). The court found him guilty and assessed punishment at six years. The imposition of sentence was suspended and probation was granted. On October 3, 1975, probation was revoked and the punishment was reduced to four years.

Cause No. 53,124 is also an appeal from an order revoking probation. Appellant again pled guilty on August 5, 1974, to the offense of forgery. This conviction was obtained under the authority of V.T.C.A., Penal Code, Section 32.21. Punishment was assessed by the court at six years and probation was granted. Such probation was also revoked on October 3, 1975, and the punishment was reduced to four years.

Cause Nos. 53,125 and 53,126 are appeals from convictions for forgery by making in violation of Section 32.21, supra. In each case appellant waived trial by jury and entered a plea of guilty before the court. Punishment was assessed at four years in each case.

Appellant's court-appointed counsel originally filed a brief in each of these appeals in which he asserted that the appeals were frivolous. By a per curiam opinion dated November 17, 1976, we abated the appeals and ordered counsel to re-brief them and allege error. He has complied and now advances a total of twenty-one grounds of error. The appeals are reinstated so that we can determine whether those grounds have merit.

### CAUSE NO. 53,123

Appellant initially contends that the indictment is fundamentally defective because it fails to allege he intentionally or knowingly made a false instrument.

The indictment alleges, in pertinent part, that appellant "did then and there unlawfully and without lawful authority and with intent to injure and defraud, make a false instrument in writing, as follows: . . ." A copy of the instrument follows this allegation.

This case arose under Article 979 of the former penal code. It is well established that an indictment which alleges an act was done "with intent to injure or defraud" sufficiently charges intent under that article. Decherd v. State, 104 Tex. Cr.R. 105, 283 S.W. 168 (1926). See also Threadgill v. Capra, 161 Colo. 453, 423 P.2d 318 (1967), which contains a discussion of the law of forgery in Texas.

Appellant next contends that the trial court abused its discretion in revoking probation in this cause because the evidence is insufficient to support such action. The State filed a motion to revoke alleging that appellant had violated probation by committing the offenses of assault and passing a forged instrument (twice), by failing to obtain suitable employment, and by failing to pay court costs in the amount of $260.00. He entered a plea of true to these allegations. Such plea was alone sufficient to support revocation. Guillot v. State, 543 S.W.2d 650 (Tex.Cr.App.1976); Mitchell v. State, 482 S.W.2d 221 (Tex.Cr.App.1972).

Appellant next contends that the trial court abused its discretion in revoking probation because there is a fatal variance between the date of one of the forgery offenses alleged in the motion to revoke probation and the date orally announced by the trial court at the conclusion of the hearing.

■ We need not reach this contention. The court's written order showed revocation was based upon the offense of assault and failure to obtain suitable employment and failure to pay court costs. The evidence supports these findings. We noted in *Balli v. State,* 530 S.W.2d 123 (Tex.Cr.App.1975), and *Ablon v. State,* 537 S.W.2d 267 (Tex.Cr.App.1976), that the written order controls over the oral announcement. This is particularly true where, as here, the written order is included in the appellate record to which no objection has been addressed. *Ablon v. State, supra.*

The judgment in Cause No. 53,123 is affirmed.

## CAUSE NO. 53,124

Appellant contends the indictment is fundamentally defective because it fails to allege that he knowingly forged the instrument.

The indictment alleges, in pertinent part, that appellant ". . . did then and there unlawfully . . . with intent to defraud and harm, forge, by making a writing as follows: . . ." A copy of the instrument follows this allegation.

This case arose under the new code. The forgery statute, Section 32.21, *supra,* provides, in material part, as follows:

"(a) For purposes of this section:

"(1) 'Forge' means:

"(A) to alter, make, complete, execute, or authenticate any writing so that it purports:

"(i) to be the act of another who did not authorize that act;

"(ii) to have been executed at a time or place or in a numbered sequence other than was in fact the case; or

"(iii) to be a copy of an original when no such original existed;

"* * *

"(b) A person commits an offense if he forges a writing with intent to defraud or harm another."

■ In the recent decision of *Jones v. State,* 545 S.W.2d 771 (Tex.Cr.App.1977) (opinion on motion for rehearing), we held that an indictment for forgery which fails to allege knowledge as an essential element is not fundamentally defective. The opinion noted:

"A reading of the statute reveals that it unequivocally prescribes a single culpable mental state for forgery: This is the intent to defraud or harm, which is required by subsection (b) of Section 32.21. . . ." 545 S.W.2d at 775.

Since no motion to quash was filed in the instant case, the failure to allege knowledge is not before us on appeal.

■ Appellant again attacks the sufficiency of the indictment. He argues that it is fundamentally defective because it fails to allege that the specific intent to defraud and harm was *to another.* This argument is without merit.

Article 21.05, V.A.C.C.P., provides:

"Where a particular intent is a material fact in the description of the offense, it must be stated in the indictment; but in any case where an intent to defraud is required to constitute an offense, it shall be sufficient to allege an intent to defraud, without naming therein the particular person intended to be defrauded."

See also, *Allen v. State,* 44 Tex.Cr.R. 63, 68 S.W. 286 (1902).

Appellant contends the indictment is fundamentally defective because it does not contain a purport clause. See Section 32.-21(a)(1)(A)(i), (ii) and (iii), *supra.*

■ The indictment alleges forgery by making with intent to harm and defraud. This allegation is followed by a copy of the forged instrument. The instrument purports to be the "act of another who did not authorize that act." Section 32.-21(a)(1)(A)(i), *supra.* Where the instrument alleged to be the subject of the forged indorsement is set out in *haec verba* in the indictment and shows that both the maker and the payee are different persons than the accused, it is not necessary that the indictment aver that the forged instrument purports to be the act of another. *Ames v. State,* 499 S.W.2d 110 (Tex.Cr.App.1973).

See also *Webb v. State,* 39 Tex.Cr.R. 534, 47 S.W. 356 (1898). Moreover, we recently upheld an indictment under the new code in *Jones v. State, supra,* which did not contain a purport clause.

Next, appellant asserts the trial court abused its discretion in revoking probation because the evidence is insufficient to support the revocation. His plea of true to the motion to revoke was alone sufficient to support the revocation order. *Guillot v. State, supra; Mitchell v. State, supra.*

Appellant again urges that there is a fatal variance between the motion to revoke probation and the court's oral findings at the conclusion of the revocation hearing. We overrule this contention for the reasons stated in Cause No. 53,123, supra.

The judgment in Cause No. 53,124 is affirmed.

### CAUSE NO. 53,125

Appellant's initial contention is that the indictment is fundamentally defective because it fails to allege he intentionally or knowingly made a false instrument. This contention was decided adversely to appellant in *Jones v. State, supra.* Any defect was waived since no motion to quash was filed in the present case.

Appellant next contends the indictment is fundamentally defective because it fails to allege that the intent to harm and defraud was *to another.* Article 21.05, *supra,* expressly eliminates the need to make such an allegation. See also the cases cited in Cause No. 53,124, *supra.*

Appellant again urges that the indictment is fundamentally defective because it does not contain a purport clause. We reject this contention for the reasons stated in Cause No. 53,124, *supra.*

Appellant contends the indictment is fundamentally defective because it shows no writing which purports to be the act of another.

The indictment contains a copy of a check purportedly drawn on the bank account of Byron Lee. But no signature is shown.

Instead, "Byron Lee" is typed in the place for signature. Appellant argues that no offense is charged under these circumstances.

The copy shows on its face whose act it is purported to be. The typed name, "Byron Lee", warrants the conclusion that appellant intended to use Lee's name since the indictment alleges appellant forged the check with the intent to harm and defraud. Cf. *Burnett v. State,* 102 Tex.Cr.R. 595, 279 S.W. 260 (1926).

Appellant complains that a fatal variance exists between the instrument set out in the indictment and alleged to have been forged and the check admitted into evidence. Although the instrument set out in the indictment reflects the typed name "Byron Lee", the copy of the check admitted into evidence without objection reflects Byron Lee's purported signature.

The State alleged that appellant forged a check drawn on Byron Lee's bank account. Appellant pled guilty and admitted to the allegations in the indictment. The copy of the check contained in his judicial confession reflects Lee's purported signature. No fatal variance is shown. See *Berry v. State,* 105 Tex.Cr.R. 549, 289 S.W. 412 (1926); cf. *Golden v. State,* 475 S.W.2d 273 (Tex.Cr.App.1971).

Appellant challenges the sufficiency of the evidence. He entered a plea of guilty and made a judicial confession. The judicial confession, standing alone is sufficient to support the guilty plea. *Byron v. State,* 528 S.W.2d 224 (Tex.Cr.App.1975); *Henderson v. State,* 519 S.W.2d 654 (Tex.Cr.App.1975).

Lastly, appellant contends that there is a fatal variance between the first count of the indictment and the judgment and sentence.

The first count of the indictment charged appellant with forgery by making. The second count charged him with forgery by passing. The record reflects that he pled guilty before the court to the first count. In his judicial confession he admitted to the

truth of the allegations in the first count only. The court orally found appellant "guilty as charged of the offense of forgery." Yet the judgment and sentence recite that appellant was found guilty of both forgery by making and forgery by passing.

[19, 20] Where this Court has the necessary data and evidence before it for reformation, the judgment may be reformed on appeal. Article 44.24, V.A.C.C.P.; *Vasquez v. State,* 477 S.W.2d 629 (Tex.Cr.App.1972). In the instant case, it is clear the trial court found appellant guilty of forgery by making as alleged in the first count of the indictment. Thus, the judgment and sentence are reformed to conform to that finding. Cf. *Clark v. State,* 163 Tex.Cr. 54, 289 S.W.2d 248 (Tex.Cr.App.1956).

No reversible error is shown. As reformed, the conviction in Cause No. 53,125 is affirmed.

### CAUSE NO. 53,126

 Appellant contends the indictment is fundamentally defective because it fails to allege that he knew the instrument was forged. *Jones v. State, supra,* also cited in Cause Nos. 53,124, *supra,* and 53,125, *supra,* is contrary to appellant's position. Since no motion to quash was filed, nothing is presented for review.

Appellant next urges that the indictment is fundamentally defective because it fails to allege that the specific intent to defraud and harm was *to another.* This contention is without merit for the reasons stated in Cause Nos. 53,124, *supra,* and 53,125, *supra.*

Appellant again attacks the indictment because it does not contain a purport clause. See Section 32.21(a)(1)(A)(i), (ii) and (iii), *supra.* Such a clause is unnecessary for the reasons stated in Cause No. 53,124, *supra.*

Appellant's final contention is that a fatal variance exists between the first count of the indictment and the judgment and sentence.

As in Cause No. 53,125, *supra,* appellant was charged with forgery by making and forgery by passing in a two-count indictment. After he pled guilty to the first count only, the trial court orally found him "guilty as charged of the offense of forgery." The judgment and sentence again recite that he was found guilty of both forgery by making and forgery by passing.

The judgment and sentence reflect a clerical error only. Therefore, the judgment and sentence are reformed to show that appellant was adjudged guilty of forgery by making. See the cases cited in Cause No. 53,125, *supra.*

No reversible error is shown. As reformed, the judgment in Cause No. 53,126 is affirmed.

ONION, P. J., and ODOM, J., dissent in Causes Nos. 53,124, 53,125 and 53,126.