Carlos Alberto **MARTINEZ**, Appellant

v.

The **STATE** of Texas, Appellee.

No. 14–04–00276–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 30, 2006.

Robert G. Coltzer, Galveston, for appellant.

M. Elizabeth Foley, Galveston, for appellee.

Panel consists of Justices EDELMAN, GUZMAN and MURPHY.*

## OPINION

RICHARD H. EDELMAN, Justice.

Carlos Alberto Martinez appeals the revocation of his post-conviction probation[1] on the grounds that: (1) his original conviction was void; and (2) the trial court's judgment *nunc pro tunc* could not retroactively impose conditions of probation for a period of time before it was entered. We affirm.

Although this appeal purports to be from the revocation of appellant's probation, it is actually based upon, and thus instead directed to: (1) the validity of the original judgment imposing community supervision (the "original judgment"); and

(2) the effect of the intervening *nunc pro tunc* judgment (to which appellant does not assign error). Appellant's first issue contends the original judgment was void because it convicted him of a greater crime (second-degree felony possession with intent to deliver) than that with which he was charged (third-degree felony possession, *i.e.*, without intent to deliver). Appellant argues that, because the original judgment was thereby void, he was never lawfully placed on probation, and, thus, there was no probation to revoke.

■ An original judgment placing a defendant on community supervision generally must be appealed, if at all, within the appellate time periods following entry of that judgment and cannot later be attacked on an appeal of the revocation proceeding. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex.Crim.App.2001). The exception to this general rule that appellant relies upon is that for a "void judgment," which is a nullity and can be attacked at any time. *Id.* at 668–69. Under that exception, where an original judgment imposing probation is void, there is no judgment imposing probation, and, accordingly, nothing to revoke. *Id.*

■ However, a judgment is void only in very rare situations, usually due to the trial court's lack of jurisdiction. *Id.* at 668. The very nearly exclusive list of situations in which the judgment of conviction is void are those in which: (1) the document purporting to be a charging instrument does not satisfy the constitutional requisites of a charging instrument, and, thus, the trial court has no jurisdiction over the defendant; (2) the trial court lacks subject matter jurisdiction over the offense charged,

* Senior Chief Justice Paul C. Murphy sitting by assignment.

1. Appellant entered a guilty plea, and the trial court entered a judgment probating his five-year sentence. On the State's subsequent motion, the trial court revoked the community supervision and sentenced appellant to 3 years confinement.

such as when a misdemeanor involving official misconduct is tried in a county court at law; (3) the record reflects that there is no evidence to support the conviction; or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived. *Id.*

■ In this case, appellant contends that the original judgment is void because there is no evidence to support the conviction. He bases this argument on the fact that the only evidence establishing his guilt is his signed waiver and stipulation, in which he admitted "to having committed each and every element of the offense alleged in the ... information ... and [that] ... the facts contained in the ... information are true and correct...." Because he contends that the information alleged only third-degree felony possession (*i.e.*, without intent to deliver), he concludes there was no evidence of intent to deliver, a necessary element of the second-degree felony offense of which he was convicted, making the trial court's judgment and sentence void.

The caption of the information states that appellant was charged with "possession of a controlled substance, to-wit: cocaine with intent to deliver," whereas the body of the information alleges only that appellant "did then and there intentionally and knowingly possess a controlled substance, to wit: Cocaine ..." and does not allege the delivery element.[2] Although this is clearly a discrepancy in the charging instrument, such a defect, error, or irregularity of form or substance in an information must be objected to before

trial commences, or it is waived and the right to object to such an error on appeal or in any other post-conviction proceeding is forfeited. Tex.Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005); *see also Sanchez v. State,* 120 S.W.3d 359, 366–67 (Tex. Crim.App.2003). Appellant did not object to this discrepancy and cites no authority indicating whether the caption or body of the charging instrument (if either) is controlling as to the offense charged where such a difference exists.

In addition, after the State filed its motion to revoke appellant's community supervision, he filed a motion to enter a *nunc pro tunc* judgment, alleging that the judgment and sentence reflected in the original judgment (possession with intent to deliver) did not accurately reflect the judgment rendered and pronounced by the court (possession only). The trial court entered a *nunc pro tunc* judgment acknowledging this error. Thus, appellant not only failed to bring the discrepancy in the information to the trial court's attention in any manner, he affirmatively sought and obtained a *nunc pro tunc* judgment on a ground that is at odds with his position on appeal that the original judgment could not have convicted him for possession with intent to deliver in any event.

■■ Further, appellant's waiver and stipulation form recites and thus stipulates that he was charged with the offense of possession with intent to deliver. In the context of this stipulation, his confession of guilt to each element of the offense alleged in the information is some evidence to support his conviction of possession with intent to deliver.[3]

2. The same difference exists in the charging affidavit.

3. When a defendant levels a "no-evidence" challenge against a conviction, but the record on appeal contains no court reporter's tran-

scription of the original plea hearing, then the conviction is not void, even though the record, as far as it goes, tends to support the no-evidence claim. *Nix,* 65 S.W.3d at 669. Here, there is no reporter's record from the original plea hearing because appellant

Lastly, even if the original judgment convicted appellant of a greater offense than that with which he was charged, he cites no authority establishing that such an error renders the original conviction void, as contrasted from merely voidable and reversible if properly appealed. Because appellant's first issue fails to demonstrate that the original judgment is void, it is overruled.[4]

 Appellant's second issue contends that, assuming the judgment *nunc pro tunc* validated the original judgment,[5] it can only operate prospectively, not retroactively.[6] Thus, he argues that it could not retroactively impose the conditions of probation that were previously entered with the original judgment, leaving no such conditions for him to be found to have violated. However this contention assumes that the original judgment was void, which appellant has failed to show. Accordingly, appellant's second issue affords

no basis for relief and is overruled; and the judgment of the trial court is affirmed.

---

waived his right to have a reporter make a record of the proceedings as part of his plea agreement.

4. In addition, appellant's original conviction and sentence resulted from a plea bargain agreement with the State. If appellant had timely appealed the original judgment before revocation, the scope of the issues that he could have raised in that appeal would have been limited to those: (1) raised by written motions filed and ruled on before his trial; or (2) for which permission was obtained from the trial court. Tex.R.App. P. 25.2(a)(2); *see also Hargesheimer v. State,* 182 S.W.3d 906, 910, 913 (Tex.Crim.App.2006). An appeal asserting other issues would have required dismissal. *Chavez v. State,* 183 S.W.3d 675, 680 (Tex.Crim.App.2006). In this case, appellant seeks to assert issues pertaining to the original judgment that were not raised in pre-trial motions and for which no permission was sought or obtained from the trial court. Thus, by appealing the original judgment after revocation of probation, and without complying with the restrictions otherwise applica-

ble to an appeal following a negotiated plea, appellant effectively seeks a *greater* right of appeal of the original judgment than would have been permitted in a timely appeal.

5. Appellant does not challenge the validity of the *nunc pro tunc* judgment as correcting a judicial rather than clerical error. Indeed, our review of the record indicates that the trial court indicated on its docket sheet that appellant's charge was "reduced" by the *nunc pro tunc* judgment.

6. A trial court has authority to correct mistakes or errors in judgment or orders after the expiration of the court's plenary power via entry of judgment *nunc pro tunc.* *State v. Bates,* 889 S.W.2d 306, 309 (Tex.Crim.App. 1994); *see also Meineke v. State,* 171 S.W.3d 551, 555 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd). The force and effect of a judgment *nunc pro tunc* relates back to the date the original judgment was pronounced. *See Jones v. State,* 795 S.W.2d 199, 203 n. 1 (Tex.Crim.App.1990) (en banc).