In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00021-CR


______________________________




MELVIA SMITH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Marion County, Texas


Trial Court No. F13,459




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Melvia Smith appeals the revocation of her community supervision for the offense of
intoxication assault. See Tex. Penal Code Ann. § 49.07 (Vernon Supp. 2007). (1) She was sentenced
September 13, 2005, to five years' imprisonment (probated for five years), court costs, attorney's
fees, a $250.00 fine, and $8,000.00 restitution. The costs, fine, and restitution were not probated. 
Her community supervision was revoked January 28, 2008, and she was sentenced to two years'
imprisonment.

 Smith contends the evidence is legally and factually insufficient to support the revocation of
her community supervision. 

 The State alleged in its petition to revoke that Smith had violated five separate conditions of
her supervision by (1) failing to report to her supervision officer for the months of June, July,
August, September, and November of 2007; (2) failing to avoid injurious and vicious habits by using
marihuana and cocaine; (3) failing to perform 160 hours of community service; (4) failing to pay
court costs, fine, attorney's fees, and restitution at the rate of $160.00 per month; and (5) failing to
attend and successfully complete the driving while intoxicated repeat offender program.

 Smith pled "true" to all five allegations. After her pleas of "true," Smith stated she was
disabled and, due to other circumstances, had been unable to pay the restitution and other fees due. 
Although inability to pay is an affirmative defense, triggering a requirement for the State to prove
by a preponderance of the evidence (1) that Smith had the ability to make the payments required and
(2) that her failure to make such payments was intentional, see Fletcher v. State, 547 S.W.2d 634,
636 (Tex. Crim. App. 1977), we need not reach the issue of whether the State proved Smith was able
to pay the restitution and intentionally failed to make the payments. A plea of "true" to even one
allegation is sufficient to support a judgment revoking community supervision. Cole v. State, 578
S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); Lewis v. State, 195 S.W.3d 205, 209 (Tex.
App.--San Antonio 2006, no pet.); see Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App.
[Panel Op.] 1979). Here, Smith pled "true" to all five allegations contained in the State's motion to
revoke. In light of the fact that there are uncontested grounds to support the revocation of
community supervision, the fact that she raised any affirmative defense does not affect the outcome
of the proceeding.

 We overrule this point of error.

 In her second point of error, Smith alleges the trial court abused its discretion by revoking
her community supervision. As stated above, Smith pled "true" to all five allegations contained in
the State's petition to revoke. "Such plea was alone sufficient to support revocation." Jiminez v.
State, 552 S.W.2d 469, 472 (Tex. Crim. App. 1977).

 The trial court did not abuse its discretion in revoking Smith's community supervision.

 We overrule this point of error.

 We affirm the judgment of the trial court.



 Bailey C. Moseley

 Justice


Date Submitted: July 7, 2008

Date Decided: July 8, 2008


Do Not Publish

1. We note that the judgment originally placing Smith on community supervision lists "Tex.
Penal Code Ann. § 49.08," which is the wrong statute for the offense. This error was corrected on
the judgment revoking her community supervision.


 activity resulted in injury to an
innocent victim I am going to stack these sentences [sic] and run them [sic] consecutive with
27,354-A, 356-A; 358-A; 360-A and 362-A." 

 When a written stacking order insufficiently reflects an oral order, but the oral order or other
evidence from the penalty hearing is sufficient, an appellate court can reform the judgment to reflect
a proper stacking order. Banks v. State, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986). An appellate
court has authority to reform a judgment to include an affirmative finding to make the record speak
the truth when the matter has been called to its attention by any source. French v. State, 830 S.W.2d
607, 609 (Tex. Crim. App. 1992).

 Therefore, the judgment is reformed to reflect that Reynolds's ten-year punishment for assault
on a public servant pronounced on July 6, 2000, in cause number 25,862-A in the 188th Judicial
District Court, Gregg County, is to run consecutive to his punishments in cause numbers 27,356-A
(aggravated assault, ten years); 27,358-A (aggravated assault, ten years); 27,360-A (aggravated
assault, ten years); 27,354-A (aggravated assault, fifteen years); and 27,362-A (unlawful possession
of a firearm by a felon, ten years) pronounced in the 188th Judicial District Court, Gregg County,
on July 6, 2000. Banks, 708 S.W.2d at 461. As reformed, the judgment is affirmed.



 Ben Z. Grant

 Justice


Date Submitted: October 15, 2001

Date Decided: October 16, 2001


Do Not Publish