

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00021-CR

_____

MELVIA SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th Judicial District Court
Marion County, Texas
Trial Court No. F13,459

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Melvia Smith appeals the revocation of her community supervision for the offense of intoxication assault. *See* TEX. PENAL CODE ANN. § 49.07 (Vernon Supp. 2007).[1] She was sentenced September 13, 2005, to five years' imprisonment (probated for five years), court costs, attorney's fees, a $250.00 fine, and $8,000.00 restitution. The costs, fine, and restitution were not probated. Her community supervision was revoked January 28, 2008, and she was sentenced to two years' imprisonment.

Smith contends the evidence is legally and factually insufficient to support the revocation of her community supervision.

The State alleged in its petition to revoke that Smith had violated five separate conditions of her supervision by (1) failing to report to her supervision officer for the months of June, July, August, September, and November of 2007; (2) failing to avoid injurious and vicious habits by using marihuana and cocaine; (3) failing to perform 160 hours of community service; (4) failing to pay court costs, fine, attorney's fees, and restitution at the rate of $160.00 per month; and (5) failing to attend and successfully complete the driving while intoxicated repeat offender program.

Smith pled "true" to all five allegations. After her pleas of "true," Smith stated she was disabled and, due to other circumstances, had been unable to pay the restitution and other fees due.

---

[1]We note that the judgment originally placing Smith on community supervision lists "TEX. PENAL CODE ANN. § 49.08," which is the wrong statute for the offense. This error was corrected on the judgment revoking her community supervision.

Although inability to pay is an affirmative defense, triggering a requirement for the State to prove by a preponderance of the evidence (1) that Smith had the ability to make the payments required and (2) that her failure to make such payments was intentional, *see Fletcher v. State*, 547 S.W.2d 634, 636 (Tex. Crim. App. 1977), we need not reach the issue of whether the State proved Smith was able to pay the restitution and intentionally failed to make the payments. A plea of "true" to even one allegation is sufficient to support a judgment revoking community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, no pet.); *see Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Here, Smith pled "true" to all five allegations contained in the State's motion to revoke. In light of the fact that there are uncontested grounds to support the revocation of community supervision, the fact that she raised any affirmative defense does not affect the outcome of the proceeding.

We overrule this point of error.

In her second point of error, Smith alleges the trial court abused its discretion by revoking her community supervision. As stated above, Smith pled "true" to all five allegations contained in the State's petition to revoke. "Such plea was alone sufficient to support revocation." *Jiminez v. State*, 552 S.W.2d 469, 472 (Tex. Crim. App. 1977).

The trial court did not abuse its discretion in revoking Smith's community supervision.

We overrule this point of error.

3

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:    July 7, 2008
Date Decided:    July 8, 2008

Do Not Publish