Affirmed and Memorandum Opinion filed December 8, 2009.

 

                       

                                                                                    In
The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00003-CR

___________________

 

Jason Anthony Hill, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 268th Judicial District Court

Fort Bend County,
Texas



Trial Court Cause No. 43,079

 



 

 

 MEMORANDUM OPINION

            This is an appeal from a judgment
revoking probation.  Appellant, Jason Anthony Hill, entered a plea of “true” to
the allegations in the State’s motion to revoke probation and the trial court
sentenced him to six years’ confinement in the Texas Department of Criminal
Justice, Institutional Division.  In two issues, appellant contends the trial
court erred by (1) revoking his probation because the evidence was insufficient
to support the trial court’s findings, and (2) assessing a punishment not
authorized by law.  We affirm.

Factual and Procedural Background

            On October 6, 2006, appellant entered a plea of
guilty to the offense of aggravated assault.  The trial court assessed
punishment at ten years of community supervision.  Appellant was originally
indicted for aggravated assault with a deadly weapon, but pursuant to a plea
bargain, appellant entered a plea of guilty to aggravated assault without the
deadly weapon finding.[1] 


            On August 1, 2008, the State filed a motion to
revoke appellant’s probation, alleging, inter alia, appellant violated
conditions of his probation by testing positive for drug use and failing to
report in person to the Fort Bend County Community Supervision and Corrections
Department for the months of January 2007, April 2008, and May 2008.  Appellant
entered a plea of “true” to the allegations in the motion.  After a hearing on
the motion, the trial court found the allegations in the State’s motion to be
true and sentenced appellant to six years’ confinement in the Texas Department
of Criminal Justice, Institutional Division.  Appellant timely filed this
appeal.

Discussion

            In
his first issue, appellant contends that despite entering a plea of true to all
allegations in the State’s motion to revoke, the evidence at the hearing was
not sufficient to support the trial court’s finding that the allegations were
true.  Appellant claims that because he was not asked about and did not admit
to the underlying offense, or the allegations in the State’s motion to revoke,
the evidence is insufficient.  In his second issue, appellant contends the
punishment imposed is not authorized by law.  Appellant argues because the judgment
revoking probation lists the underlying offense as aggravated assault with
a deadly weapon and the judgment imposing probation lists the underlying
offense as aggravated assault without a deadly weapon finding, his
original sentence of probation is void.

I.         Did the trial court err in revoking appellant’s
probation?

             A.      Standard of Review

            In reviewing a probation revocation, we
examine the evidence in the light most favorable to the trial court’s findings
to determine whether the trial court abused its discretion.  Cardona v.
State, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984).  The State must
prove, by a preponderance of the evidence, that appellant violated the conditions
of his probation to succeed on a motion to revoke probation.  See Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The State need not
prove every violation alleged; a single violation of a probation condition is
sufficient to support the trial court’s decision to revoke probation.  Moore
v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).  

            B.        Analysis

            It is well settled law in Texas that the
sufficiency of the evidence cannot be challenged in the face of a plea of “true.” 
See Jiminez v. State, 552 S.W.2d 469, 472 (Tex. Crim. App. 1977)
(holding a plea of “true” is alone sufficient to support revocation).  By entering
a plea of “true,” appellant cannot challenge the sufficiency of the evidence
and has provided the proof necessary to uphold the trial court’s revocation of
his probation.  Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App.
1979).  It is undisputed appellant entered a plea of “true” to the allegations
in the State’s motion to revoke probation.  Accordingly, appellant’s first
issue is overruled.  

II.        Did the trial court err by assessing a
punishment not authorized by law?

            In his second issue, appellant contends
his sentence is void because he received community supervision for punishment
of an offense that is listed under the Code of Criminal Procedure article 42.12,
section 3g, which restricts a trial court’s ability to assess probation as a
sentencing option.  See Code Crim. Proc. Ann. art. 42.12 § 3g.(a)(2)
(Vernon 2006) (providing that community supervision does not apply to offenses
where a deadly weapon was used or exhibited during the commission of a felony
offense).  Specifically, he claims because he pleaded guilty to the offense of
aggravated assault with a deadly weapon, a 3g offense, the trial court was
prohibited from probating appellant’s sentence.

            The problem here is that the judgment granting appellant
community supervision lists the underlying offense as aggravated assault
without a deadly weapon finding.  Appellant was indicted for aggravated assault
with a deadly weapon, a 3g offense.  Id. Pursuant to a plea bargain, the
prosecutor dropped the deadly weapon finding, making it possible for the trial
court to grant appellant community supervision.  Code Crim. Proc. Ann. art.
42.12 § 3(a) (Vernon 2006).  Aggravated assault without a deadly weapon finding
is not a 3g offense.  See Code Crim. Proc. Ann. art. 42.12 § 3g.(a)
(Vernon 2006).    However, the judgment revoking appellant’s probation lists
the underlying offense as aggravated assault with a deadly weapon.  

            This problem was rectified when a judgment nunc
pro tunc was entered modifying the judgment revoking probation to reflect
the underlying offense as aggravated assault without the deadly weapon
finding.  A trial court has authority to correct mistakes of errors in judgment
or orders after the expiration of the court’s plenary power via entry of a
judgment nunc pro tunc.  Martinez v. State, 194 S.W.3d 699, 703
n.6 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing State v. Bates,
889 S.W.2d 306, 309 (Tex. Crim. App. 1994)).  The force and effect of a
judgment nunc pro tunc relates back to the date the original judgment
was pronounced.  Martinez, 194 S.W.3d at 703 n.6.  Because the judgment
revoking probation now reflects the underlying offense as aggravated assault
without a deadly weapon finding, appellant’s second issue is without merit. 
Accordingly, appellant’s second issue is overruled.    

Conclusion

            Having overruled both of appellant’s issues on
appeal, we affirm the judgment of the trial court.  

            

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] As will be discussed
below, the trial court was prohibited from granting appellant
probation/community supervision where there was a deadly weapon finding.  See
Code Crim. Proc. Ann. art. 42.12 § 3g.(a)(2) (Vernon 2006).