COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                              |   |                              |
|------------------------------|---|------------------------------|
|                              | § |                              |
|                              |   | No. 08-11-00125-CR           |
| CURTIS JERMAINE GOODACRE,    | § |                              |
|                              |   | Appeal from the              |
| Appellant,                   | § |                              |
|                              |   | Criminal District Court No. 1 |
| v.                           | § |                              |
|                              |   | of Tarrant County, Texas     |
| THE STATE OF TEXAS,          | § |                              |
|                              |   | (TC # 1179842D)              |
| Appellee.                    | § |                              |

**MEMORANDUM OPINION**

Curtis Jermaine Goodacre pled guilty, pursuant to a plea bargain, to one count of burglary of a habitation, a felony of the second degree. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) & (3) (West 2011). The trial court found that the evidence substantiated Goodacre's guilt, but the court deferred an actual finding of guilt and placed him on community supervision for a period of seven years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2010). The State later filed a motion to proceed to judgment, alleging that Goodacre had violated several conditions of his community supervision.

The trial court held an evidentiary hearing on the State's motion to proceed to judgment, and at that hearing Goodacre pled "true" to three of the State's allegations. At the conclusion of the evidentiary hearing, the trial court found that Goodacre had in fact violated the conditions of his community supervision, as alleged. The court also adjudicated Goodacre guilty of the primary offense, burglary of a habitation. The trial court then sentenced him to imprisonment for eight years.

Goodacre filed a notice of appeal.[1]

Goodacre's court-appointed appellate counsel has now filed a brief, in which he concludes that the appeal is without merit and is wholly frivolous. We find that the brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), because it presents arguments which counsel states might arguably support the appeal but which he regards as nonmeritorious. *See* G. Dix & J. Schmolesky, *Texas Practice: Criminal Practice and Procedure* §§ 29:125-29:132 (3rd ed. 2011). Counsel has also filed an affidavit, in which he states that he has transmitted a copy of his brief to Goodacre and has advised him of his right to examine the appellate record and file a *pro se* brief and a petition for discretionary review. Goodacre has filed no *pro se* brief.

After reviewing the record ourselves, we are satisfied that counsel has made a thorough and conscientious examination of that record, that he has provided this Court with the appropriate facts of the case and its procedural history, and that he has pointed out any potentially plausible points of error. *See In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). We are also satisfied that the appeal is, as counsel claims, without merit and wholly frivolous. As we have already noted, Goodacre pled "true" to three of the allegations in the State's motion to proceed to judgment, and a plea of "true" to any such allegation is sufficient to support revocation of community supervision. *Jiminez v. State*, 552 S.W.2d 469, 472 (Tex. Crim. App. 1977). Furthermore, the trial court properly sentenced Goodacre to a term of years within the range of punishment for his offense. *See* TEX. PENAL CODE ANN. § 12.33 (West 2011). A discussion of the arguments advanced in counsel's brief would add nothing to the jurisprudence of this state.

_____

[1] The record reflects that the Texas Supreme Court transferred this case from the Second Court of Appeals to this Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

2

We affirm the judgment of the trial court.

GUADALUPE RIVERA, Justice

October 5, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

3