COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





CURTIS JERMAINE GOODACRE,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-11-00125-CR



Appeal from the


Criminal District Court No. 1


of Tarrant County, Texas


(TC # 1179842D)


MEMORANDUM OPINION


 Curtis Jermaine Goodacre pled guilty, pursuant to a plea bargain, to one count of burglary
of a habitation, a felony of the second degree. See Tex. Penal Code Ann. § 30.02(a)(1) & (3)
(West 2011). The trial court found that the evidence substantiated Goodacre's guilt, but the court
deferred an actual finding of guilt and placed him on community supervision for a period of seven
years. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2010). The State later filed
a motion to proceed to judgment, alleging that Goodacre had violated several conditions of his
community supervision.

 The trial court held an evidentiary hearing on the State's motion to proceed to judgment, and
at that hearing Goodacre pled "true" to three of the State's allegations. At the conclusion of the
evidentiary hearing, the trial court found that Goodacre had in fact violated the conditions of his
community supervision, as alleged. The court also adjudicated Goodacre guilty of the primary
offense, burglary of a habitation. The trial court then sentenced him to imprisonment for eight years. 
Goodacre filed a notice of appeal. (1)

 Goodacre's court-appointed appellate counsel has now filed a brief, in which he concludes
that the appeal is without merit and is wholly frivolous. We find that the brief meets the
requirements of Anders v. California, 386 U.S. 738 (1967), because it presents arguments which
counsel states might arguably support the appeal but which he regards as nonmeritorious. See G. Dix
& J. Schmolesky, Texas Practice: Criminal Practice and Procedure §§ 29:125-29:132 (3rd ed.
2011). Counsel has also filed an affidavit, in which he states that he has transmitted a copy of his
brief to Goodacre and has advised him of his right to examine the appellate record and file a pro se
brief and a petition for discretionary review. Goodacre has filed no pro se brief.

 After reviewing the record ourselves, we are satisfied that counsel has made a thorough and
conscientious examination of that record, that he has provided this Court with the appropriate facts
of the case and its procedural history, and that he has pointed out any potentially plausible points of
error. See In re Schulman, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). We are also satisfied that
the appeal is, as counsel claims, without merit and wholly frivolous. As we have already noted,
Goodacre pled "true" to three of the allegations in the State's motion to proceed to judgment, and
a plea of "true" to any such allegation is sufficient to support revocation of community supervision. 
Jiminez v. State, 552 S.W.2d 469, 472 (Tex. Crim. App. 1977). Furthermore, the trial court properly
sentenced Goodacre to a term of years within the range of punishment for his offense. See Tex.
Penal Code Ann. § 12.33 (West 2011). A discussion of the arguments advanced in counsel's brief
would add nothing to the jurisprudence of this state.

 We affirm the judgment of the trial court.


 GUADALUPE RIVERA, Justice

October 5, 2011


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)

1. The record reflects that the Texas Supreme Court transferred this case from the Second Court of Appeals
to this Court. See Tex. Gov't Code Ann. § 73.001 (West 2005).