

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00018-CR

CAYTON DAKOTAH QUIROZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. F14627

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Cayton Dakotah Quiroz appeals the trial court's order revoking community supervision and adjudicating him guilty of arson and sentencing him to twelve years' confinement.[1] On review of the record and applicable law, we affirm the trial court's judgment revoking Quiroz' community supervision and its twelve-year sentence. However, we modify the trial court's judgment by striking the imposition of attorney fees from Quiroz' adjudication proceeding.

## I. Proceedings in the Trial Court

In April 2015, pursuant to a plea agreement, Quiroz pled guilty to arson and was placed on deferred adjudication community supervision for ten years. Among other things, the conditions of his supervision required him to pay $27,000.00, jointly and severally with other co-defendants, in restitution and to submit to an alcohol and drug abuse assessment. Other standard terms included the requirements that he regularly report to a community supervision officer; make regular payments toward his fines, fees, and court costs; avoid injurious habits, including the use of alcohol and illegal drugs; and commit no offense against the laws of Texas.

On March 27, 2018, the State moved to adjudicate Quiroz. The State's motion alleged, inter alia, that Quiroz

1. failed to report to his community supervision officer in October 2015, December 2017, and January, February, and March 2018;

2. used marihuana and amphetamine;

3. failed to complete all the community service hours required by his supervision terms and conditions, in that Quiroz was 179 hours deficient;

---

[1] *See* TEX. PENAL CODE ANN. § 28.02.

4. failed to pay his supervision fees ($180.00 deficient), court costs, restitution, attorney, and other fees ($6,620.00 deficient); and

5. failed to attend and document attendance at Alcoholics Anonymous (AA)/Narcotics Anonymous (NA) meetings.

In January 2019, the State amended its motion to adjudicate, alleging Quiroz had also committed the crime of public intoxication, thereby violating the supervision term and condition prohibiting him from committing any offense against the laws of Texas.

Late in January 2019, the trial court heard the State's motion. Quiroz entered pleas of true to the following allegations:

1. that he failed to report to his supervising officer;

2. that he had not completed all the community service hours as ordered;

3. that he had not paid all the supervision fees, court costs, fine and restitution, and attorney fees as ordered; and

4. that he had not attended and documented attendance at AA/NA meetings.

Quiroz denied having been intoxicated in public and denied having consumed alcohol and marihuana. Nevertheless, the trial court found all of the allegations to be true. The court revoked Quiroz' community supervision, adjudicated him guilty of the offense of arson, and sentenced him to twelve years' imprisonment. The trial court also assessed $350.00 in attorney fees against Quiroz. Quiroz timely appealed the trial court's judgment.

## II. Standard of Review

"Appellate review of an order revoking [community supervision] is limited to abuse of the trial court's discretion." *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). "In

determining questions regarding sufficiency of the evidence in [community supervision][2] revocation cases, the burden of proof is by a preponderance of the evidence." *Id*. The Texas Court of Criminal Appeals "has stated that 'an order revoking [community supervision] must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision].'" *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006), (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). Proof of any one of the alleged violations is sufficient to support the order revoking community supervision. *See Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975).

## III. Analysis

Quiroz pled true to the following allegations: (1) that he failed to report to his supervision officer multiple months in 2015, 2017, and 2018; (2) that he failed to complete the assigned hours of community service; (3) that he failed to make monthly payments of supervision fees, court costs, fines, restitution, and attorney fees such that he was more than $9,000.00 in arrears; and (4) that he failed to attend and document his attendance at AA/NA meetings. Quiroz' pleas of true to the various allegations were sufficient to prove each of those allegations. *See Jiminez v. State*, 552 S.W.2d 469, 474 (Tex. Crim. App. 1977).

On appeal, Quiroz claims that the evidence was not sufficient to prove that he violated the supervision term prohibiting him from committing a new criminal offense because the evidence

---

[2]"A trial court's decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewed under the same standard as a revocation of regular community supervision." *Pena v. State*, 508 S.W.3d 599, 604 (Tex. App.—El Paso 2016, pet. ref'd); *see also Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).

was insufficient to prove that he had committed the offense of public intoxication. Yet, as noted above, proof of any single allegation is sufficient to support a trial court's order adjudicating or revoking a defendant's community supervision. Accordingly, Quiroz' pleas of true to other alleged violations render this argument moot. We overrule this point of error.[3]

## IV.    Attorney Fees May Not Be Assessed Against an Indigent Defendant

Quiroz complains that the trial court erred in assessing attorney fees against him as part of the court's judgment. The State agrees that these attorney fees were improperly assessed. Both Quiroz and the State assert that the trial court assessed attorney fees totaling $750.00. However, the sum of $750.00 reflects the aggregate sum of attorney fees from the initial plea hearing and the ultimate adjudication hearing. Accordingly, we will consider the propriety of imposing attorney fees in both hearings separately.

With respect to the attorney fees from the original plea hearing, it is true that a defendant placed on community supervision may challenge for the first time on appeal the sufficiency of the evidence supporting the assessment of attorney fees in a judgment of conviction and imposed as a condition of community supervision. *Wiley v. State*, 410 S.W.3d 313, 320 (Tex. Crim. App. 2013). This is because a claim of insufficient evidence to support imposition of court-appointed attorney fees is reviewable on direct appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). However, even though the record reflects that Quiroz was aware of the $400.00 assessment for

---

[3]A Marion County deputy testified that she found Quiroz asleep in a vehicle on the side of a highway. Once roused, she smelled alcohol on Quiroz' breath; Quiroz had bloodshot, watery eyes, and slurred speech; and Quiroz could not stand on his own. It took two other officers to extract Quiroz from the vehicle. Under questioning from the State, Quiroz admitted to being intoxicated and a possible danger to himself or others when found by the deputy in the vehicle on the side of the road. He also admitted to drinking whiskey and smoking marihuana.

attorney fees when assessed, he did not directly appeal this issue when the order deferring adjudication became final. By choosing not to appeal the judgment placing him on community supervision, Quiroz forfeited this claim, and he may not revive it in an appeal from the revocation proceeding. *See Wiley*, 410 S.W.3d at 321. Accordingly, the $400.00 assessment for attorney fees from the original plea hearing remains.

On the other hand, Quiroz has timely appealed the $350.00 in attorney fees assessed for the revocation proceeding. With respect to those fees, Article 26.05(g) of the Texas Code of Criminal Procedure grants a trial court authority to order reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer*, 309 S.W.3d at 556). Since there is no finding of the ability of Quiroz to pay attorney fees, the assessment of the attorney fees for the revocation hearing was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

Appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non-reversible error." *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. denied) (comprehensively discussing appellate cases that have modified judgments).

Accordingly, we will sustain Quiroz' point of error complaining of the imposition of the attorney fees for the adjudication proceeding. However, because Quiroz procedurally defaulted any challenge he had to the attorney fees assessed for his original plea hearing, those fees will remain in place.

Accordingly, we modify the trial court's judgment by deleting the assessment of $350.00 for attorney fees from the judgment. In all other matters, the trial court's judgment and sentence are affirmed.

Ralph K. Burgess
Justice

Date Submitted:      May 16, 2019
Date Decided:        June 5, 2019

Do Not Publish

7